## Kurfess *v.* Harris.

*Negligence—Railroads—Alighting from train—Contributory negligence.*
In an action by a passenger, a woman, against a railroad company, to recover damages for personal injuries sustained while alighting from a train, a nonsuit is properly entered where the evidence for the plaintiff shows that instead of stepping from the third or lower step of the car platform she stepped from the second step and fell between the car and the depot platform, which was raised above the tracks, and that the conductor was present ready to give her assistance or information as to how to alight, if she had requested it.

Argued March 21, 1900. Appeal, No. 52, Jan. T., 1900, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1894, No. 613, refusing to take off nonsuit in the case of Elizabeth Kurfess v. Joseph S. Harris et al., Receivers of the Philadelphia & Reading Railroad Company. Before GREEN, C. J., McCOLLUM, DEAN, FELL and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries. Before PENNYPACKER, P. J.

At the trial it appeared that plaintiff was injured while alighting from a train at Columbia avenue station in Philadelphia,

at 10 o'clock, P. M. The circumstances of the accident are described by PENNYPACKER, P. J., in entering a nonsuit as follows:

I have thought about this case quite carefully. The negligence which is alleged is the fact that the tracks were depressed, according to the testimony of the husband, from eighteen to twenty inches below the platform. The evidence with respect to the construction is very meagre, and no doubt it was the duty of the plaintiff to present evidence which would enable us to have definite information upon that subject. But assuming that it is to be ascertained from that testimony that the tracks were depressed to the greatest depth, twenty inches below the platform, we are entirely without evidence that this is an improper construction. Negligence is not to be assumed, it is to be proven. But going still a step further and assuming that that was a negligent construction and an improper construction of the platform, then the question arises as to what was the cause of this accident. If that negligence was the cause of the accident, then the case ought to go to the jury; but was it? It appears that the plaintiff, when she came to alight upon that night, stepped from the second step of the car. If she had gone down the steps and got upon the ground, and then in an effort to reach the platform had stumped her toe and tripped, no doubt the depression of the tracks would have been the cause of the accident in that event. But that was not what occurred, and I cannot see, therefore, that the depression of the tracks below the platform was in any sense the cause of the accident that occurred. It appears there was a third step. Now, that was the usual way presented to passengers to alight, to go down the steps and from the steps to the ground. This lady, as she tells us, stepped from the second step over on to the platform. We are told by the husband that the distance of the platform from the lower step was from eighteen inches to two feet. If it was that far from the lower step it was still further from the second step. We therefore have the position of a lady sixty years of age who makes an effort in an unusual way to step off on to a platform at a distance of some two feet from where she was upon the second step, and in that effort, miscalculating her strength, perhaps miscalculating the distance, trips her toe and falls. The conductor was there, and if she was in uncertainty

about it, if, as she says, she could not see the third step which was there, inquiry could have been made of the conductor as to the proper way in which to alight, but no such inquiry was made. I think, therefore, it is quite plain that the cause of this accident was the effort upon the part of the plaintiff to alight from this car in what was an unusual manner, and in a miscalculation as to her own strength. She tells us that she saw the platform and it appeared to be solid. I remember a case which was tried in this court, when Mr. Justice FELL was a member of the court, and it came up before us upon an argument for a new trial. There for some reason the ordinary means of access to the car were closed. The passenger could not get off at the end, and the conductor or the man in charge of the car opened a side door and invited the plaintiff, a woman, to jump, telling her it was perfectly safe. The distance was about two feet. The plaintiff jumped and was hurt. We were in grave doubt about it, but we concluded to let the verdict stand upon the theory that it was an unusual situation, and the way out had been pointed out to the plaintiff by the man in charge, who was charged with the responsibility. But still the court had very grave doubts as to whether or not even under those circumstances, there could be a recovery. Here the conductor was present. There was no invitation extended in any way. The plaintiff herself took the responsibility of the action which resulted in injury. I think, therefore, this motion for a nonsuit will have to be sustained.

*Error assigned* was refusal to take off nonsuit.

*Leoni Melick*, of *Melick, Potter & Dechert*, for appellant, cited Leggett v. Western N. Y., etc., R. R. Co., 143 Pa. 39, Penna. R. Co. v. Lyons, 129 Pa. 113, Penna. R. Co. v. Kilgore, 32 Pa. 292, Johnson v. West Chester, etc., R. R. Co., 70 Pa. 357, Del. & Hudson Canal Co. v. Webster, 18 W. N. C. 339, Foy v. London, etc., Ry. Co., 114 E. C. L. 225, Praeger v. Bristol, etc., Ry. Co., 24 L. T. N. S. 105, and Bridges v. North London Ry. Co., L. R. 6 Q. B. 377.

*Gavin W. Hart*, for appellee, cited Del. Lack. & Western R. R. Co. v. Napheys, 90 Pa. 135, Graham v. Penna. Co., 139 Pa.

149, Rothchild v. Central R. R. Co. of N. J., 163 Pa. 49, Deery v. Camden & Atlantic R. R. Co., 163 Pa. 403, Thomas v. P. & R. R. R. Co., 148 Pa. 180, and Dennis v. Pittsburg, etc., R. R. Co., 165 Pa. 624.

PER CURIAM, April 16, 1900 :

The judgment in this case is affirmed on the opinion of the learned court below.