WILLIAM F. GASTON, PROSECUTOR, v. FRANK I. ACKER-
MAN ET AL., RESPONDENTS.

Submitted January 27, 1928—Decided June 29, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the motion, *Ward & McGinnis*.

*Contra, Humphreys & Sumner*.

PER CURIAM.

This is a branch of case number 278 of the January term, 1928. Number 278 was presented to this court upon a writ of *certiorari* for the purpose of reviewing the action of the board of appeals or board of adjustment of the city of Passaic with reference to the granting of a permit to Louis Stein to erect an apartment house upon a certain tract of land in the city of Passaic zoned for a one-housekeeping unit. The present case is a motion to vacate the *allocatur* to the writ in case number 278. There are three grounds upon which this motion is based. These in the notice of motion are stated as follows:

"1. That the prosecutor has no personal or property interest in the action or proceedings brought up by the writ so as to entitle him to prosecute the *certiorari*.

"2. That a review of the decision of the board of adjustment of the city of Passaic brought up by the writ in this

case would afford no relief to the prosecutor in view of the issuance of the permit by the building inspector.

"3. Because by the affidavit filed in the cause, the prosecutor does not show that he is entitled to the relief sought."

We are of the opinion that the first contention is not well founded. The prosecutor owns a tract of land upon which there is a one-family dwelling upon the same street and in the same residence zone as the tract on which it is proposed by Louis Stein to erect the apartment house to accommodate forty-five families and a janitor. We think that the prosecutor has such a property interest as entitles him to raise the question as to the right of the board of appeals, or board of adjustment, to grant to Stein the building permit which it is contended is violative of the provisions of the zoning ordinance of the city of Passaic.

We see no force in the second point upon which this motion is based. If the *allocatur* were vacated upon this ground it would mean that in every such case in which a permit has been issued there could be no review of the proceedings under which it was issued.

We are of the opinion that the affidavit of the prosecutor shows that he is entitled to have the proceedings of the board of appeals, or board of adjustment, reviewed. In this respect his position has been strengthened by the legislation contained in chapter 274 of the laws of 1928, which is fully considered in the case of *Koplin* v. *South Orange, 6 N. J. Mis. R.* 489.

The motion to vacate the *allocatur* is denied, with costs.