The defendant Cooper purchased a vacant lot in the town of Dover and placed thereon a dwelling house which he moved from a nearby lot under a permit issued by the building inspector of the town. The complainants are the owners of a lot, with the double or two-family dwelling thereon, which adjoins the defendant's lot and the complainants reside in that side of their house which overlooks the defendant's lot, the other side being occupied by their tenant. In the side occupied by the complainants there are three cellar windows and eight windows in the rooms above the cellar, all of which face the defendant's property. When the defendant purchased his lot and placed a house thereon, that lot and complainants' lot were within a zone which, by ordinance of the town of Dover, is restricted to dwelling houses and which ordinance provides for a minimum width of five feet for the *Page 319 
side yard of each dwelling and for an additional side yard width of two inches for each foot that a building exceeds a height of fifteen feet, if the lot is fifty feet or less wide. The defendant's lot is forty-five feet wide and his dwelling is thirty feet in height so that the ordinance requires a side yard of seven feet and six inches between the defendant's house and the dividing line between his lot and the complainants' lot. The actual distance between the defendants' foundation and said dividing line is six feet, into which side yard space an octagon, or bay window, projects three feet and six inches, so that it is not denied that the defendant's house stands in violation of the ordinance side yard requirement. The complainants seek an injunction against the defendant's maintenance of said house in its present position and commanding its removal to such distance from their lot line as will meet the side yard provisions of said ordinance.
The first question presented is: Has this court jurisdiction to grant injunctive relief against a violation of a municipal zoning ordinance on the complaint of an individual, in case special damage is shown to have been sustained by the complainant as a result of such violation?
The statute which authorized the adoption of the ordinance in question is chapter 274 of the laws of 1928. It followed the approval by the voters, of a "zoning amendment" to the state constitution. P.L. 1928 p. 820. The statute, after authorizing the adoption of a zoning ordinance, provides (section 10) that the ordinance may provide for its enforcement and that in case of any violation, the municipal authorities, in addition to other remedies, may institute any appropriate action to prevent, or abate, such unlawful maintenance. The ordinance adopted by the town of Dover provides a penalty of fine, or imprisonment, or both, for any violation. No steps have been taken by the municipal authorities to abate the violation here in question, or to impose a penalty therefor.
In Fielders v. North Jersey, c., Co., 68 N.J. Law 343, it was said that there is no distinction between a valid statute and a valid ordinance in respect to the binding force *Page 320 
of a duty created thereby; that a lawful municipal ordinance is an exercise of the delegated power of legislation and that when adopted in the exercise of that power, ordinances frequently prescribe for persons subject thereto, a rule of conduct for the purpose of insuring the safety of others. In Evers v. Davis,86 N.J. Law 196, the court quoted with approval the following: "The legislature must be assumed to know the law, and if upon common law principles such a statute would affect private rights it must have been passed in anticipation of that result. The legislature is to be credited with meaning just what it said — that the conduct forbidden is an offense against the public and that the offender shall suffer certain specified penalties for his offense. Whether his offense shall have any other legal consequences has not been passed on one way or the other as a question of legislative intent, but is left to be determined by the rules of law. If the effect of such a statute is to change the relations of individuals to one another, this must come about not through the intent of those who enacted the statute, but by the operation of common law principles."
In Weller v. McCormick, 52 N.J. Law 470, the court said:
"It is a general principle that where there rests upon any person a public duty, either arising at common law or created by statute and that duty is due to the public, considered as composed of individuals and for their protection, each person specially injured by a breach of the obligation is entitled to a private action to recover compensation for his damage."
In Gilbough v. West, c., Co., 64 N.J. Eq. 27, it was said: "Whenever a private right is invaded and this court is called upon to protect it and a proper case is made out, this court is bound to give the remedy, without regard to the criminal orquasi-criminal character of the act complained of. In fact the public remedy by punishment for the commission of a criminal act is not a remedy upon which the private citizen can with safety rely, or one upon which he is bound to rely."
In Gaston v. Ackerman, 142 Atl. Rep. 546, upon certiorari
to review the action of a board of appeals with reference to *Page 321 
granting a permit to erect an apartment house in a district zoned for a one-housekeeping unit, objection was made that the prosecutor had no personal or property interest so as to entitle him to prosecute the writ. The court said: "The prosecutor owns a tract of land upon which there is a one-family dwelling upon the same street and in the same residence zone as the tract on which it is proposed by Stein to erect the apartment house. We think that the prosecutor has such a property interest as entitles him to raise the question as to the right of the board of appeals to grant Stein the building permit."
The zoning act recognizes personal or property rights in property owners and provides for their protection, as under section 8 of the act, no change can be made in a zoning ordinance without giving protesting property owners a hearing; that an appeal may be taken to a board of adjustment by any property owner aggrieved by a decision of a municipal administrative officer and that notice of hearing on the appeal shall be given property owners who may be affected thereby.
In other jurisdictions it has been held that if one who owns property in a district designated as residential, suffers special injury through the violation of the zoning restriction by an owner of other property in the same district, he may maintain a suit to enjoin such violation. Holzbauer v. Ritter,184 Wis. 35; Pritz v. Messer, 112 Ohio 628; Fitzgerald v. MerardHolding Co., 106 Conn. 475; Cohen v. Rosevale Realty Co.,199 N Y Supp. 4; affirmed, 199 N.Y. Supp. 916; Cohen v. RosevaleRealty Co., 202 N.Y. Supp. 95.
The zoning ordinance of the town of Dover took from the complainants the right they had theretofore enjoyed, of the free use of their property for any lawful purpose. The legal justification or consideration for the restrictions imposed on their property was that like restrictions were imposed on all property within the zone, and the assumption that an equal benefit would accrue to all property owners. If, therefore, the restrictions cease to be universal in their application, the theory of equal benefit fails. The benefits which the complainants were to acquire were through rights *Page 322 
in the nature of an easement on part of the defendant's lot. Such benefits tended to promote their and their tenants' health and general welfare by giving them greater safety against fire, adequate light and air and more privacy in their home life, and such benefits necessarily added to the value of the complainants' property. The burden imposed on the complainants' lot by way of easement for the benefit of the defendant remains, but the benefits intended to be given the complainants will be lost to them if the violation committed by the defendant is permitted to continue. Because of the location of complainants' lot with reference to the violation, the complainants suffer special damage, greater than any other individual member of the public. The situation created by defendant's violation of the ordinance specially affects the complainants personally and must cause depreciation in value of their property. Infliction on the defendant of the penalty prescribed by the ordinance will bring no relief to the complainants and since the municipality has instituted no proceeding against the defendant to enforce this, or any other remedy, I conclude that the complainants are entitled to relief from this court by injunction, to place them in the enjoyment of the benefits, peculiar to themselves and their property, which the zoning ordinance in question conferred on them.
It is contended that the complainants should have appealed to the board of adjustment of the town, from the action of the building inspector in granting the permit to move the building.
The Zoning act provides (section 9) for the appointment by the town governing body of a board of adjustment, to which board persons aggrieved by decision of an administrative officer may appeal within a reasonable time to be fixed by the rules of the board. The board is given power to decide special exceptions to the terms of a zoning ordinance; to recommend to the governing body, on appeal in special cases, that a structure be allowed in a district restricted against such a structure and the governing body is given power to approve such recommendation. *Page 323 
The defendant had the right to place a house on his lot and the complainants had the right to assume that such house, being in type a lawful structure, would meet the requirements of the zoning ordinance as to location on the lot and percentage of area occupied. The complainants had the further right to assume that the building inspector would not issue a moving permit without satisfying himself that the house, when located on defendant's lot, would not violate the ordinance. The moving permit was issued February 1st, 1930, and prior to, or at that date, the complainants knew of the defendant's intention to move the house to its present lot location. The moving was started the end of March and the house was placed above its new foundation April 6th, and was dropped thereon April 7th. Knowledge in the complainants that the house was to be moved placed them under no obligation to measure the house and to locate the dividing line between their lot and the defendant's lot, for the purpose of determining whether the house, when in position and completed, would comply with the ordinance. Assuming that the bay window, which is part of the encroachment, was originally a part of the house when it was moved and not a new bay window, complainants could not know that it was not defendant's intention to remove it after the house was placed on its foundation. The complainants were not familiar with all the ordinance requirements, but had they been they could not know, until the house reached its foundation and work thereon was completed, whether or not it complied with such requirements. After the building was on its foundation, an appeal from the granting of a permit to do what then had been fully accomplished would have been futile.
The board of adjustment has undoubtedly fixed a time within which appeals may be made to it and that time has probably expired, so that the complainants are without remedy for the injury done them if that remedy cannot be obtained here. The defendant's act constitutes an infringement, which is likely to be continuous, on the rights of the complainants and as special damage follows such injury, the *Page 324 
complainants are not required to appeal to the board of adjustment, or to the governing body of the town, to determine what is practically admitted here to be a violation of the ordinance, before applying to this court for relief. Fitzgerald
v. Merard Holding Co., supra. It rather seems to me that it was the defendant's duty to appeal to the board of adjustment. The day the building was placed on its foundation the complainants protested to the defendant that he had violated the ordinance. The defendant could then have ascertained (if he did not know) whether or not the complainants' protest was justified and learning the facts, section 9 of the Zoning act gave him the right to apply for permission to maintain his house as located, notwithstanding the violation of the ordinance.
It is also contended that the complainants were chargeable with knowledge of the existence and requirements of the zoning ordinance; that they knew that the defendant intended to move his house to the lot adjoining their property; that they saw the construction of the foundation on which the building was to rest; that they could have ascertained whether the building, when placed on the foundation, would violate the ordinance, yet they stood by and permitted the defendant to expend a large sum of money and made no protest until the work was completed and therefore the complainants are estopped from asserting their rights.
The fact that the defendant applied for and obtained a permit to move his building and that the permit required that the front line of his house should be made to conform with the front line of adjoining buildings, implies knowledge on his part that municipal regulations existed with respect to the erection of buildings and their location and put him on inquiry as to exactly what those regulations were. Under the circumstances I think the defendant, and not complainants, was chargeable with knowledge of the requirements of the ordinance, and being so chargeable he had legal notice of the complainants' rights thereunder. Knowing those rights he proceeded at his peril and he cannot now be heard to complain that the complainants did not object. Excavation for *Page 325 
the cellar was started February 5th and the foundation was completed to the lot level March 20th. The house was placed over the foundation April 6th, the foundation was then completed and the house dropped thereon April 7th. I have already said that it was not obvious before the house was located that it would violate the ordinance, and that I consider it was not the complainants' duty to ascertain whether, as finally located and completed, it would meet all ordinance requirements. It was not until it was placed over the foundation that it became apparent to the complainants that they should protest and they did so at once and they filed their bill herein April 8th. I do not think they could have acted with more diligence.
It appears that in January, 1930, the defendant Cooper had contracted to purchase the lot from the defendants Edward Jenkins and Gibson, but the deed was not delivered under the contract until after the building was moved and Cooper did not record his deed until after the bill was filed. The moving permit was issued in Cooper's name. In that situation it was entirely proper for the complainants' solicitor to name Edward Jenkins, Gibson and Cooper as defendants in the bill of complaint, but upon the facts as developed by the evidence, the decree herein will go against the defendant Cooper alone and the bill will be dismissed, without costs, as to the defendants Edward Jenkins and Gibson.
The defendant Robert Jenkins, Jr., is the building inspector and the defendants Lawrence Pugsley, P.W. Swackhammer Sons, and Horace Casterline are the contractors who performed work on the defendant's house and none of these defendants had any interest in the suit. As to them, the bill will be dismissed, with costs. An answer was filed for them jointly with the other defendants, and they were not required to put in any defense, so that no counsel fee will be allowed them.
The defendant Cooper will be decreed to make his building conform to the side yard requirements of the zoning ordinance, and costs and counsel fee will be awarded to the complainants as against him. *Page 326