AARON H. SANDLER, FRANK W. SWAYZE, LAURA A. NAYLOR AND FRIENDS' BOARDING HOME, A CORPORATION, PROSECUTORS, v. THE BOARD OF COMMISSIONERS OF THE CITY OF TRENTON, THE BOARD OF ADJUSTMENT OF THE CITY OF TRENTON, THOMAS B. BARLOW, BUILDING INSPECTOR OF THE CITY OF TRENTON, AND LEO M. ULLRICH, RESPONDENTS.

Submitted January 21, 1941—Decided May 6, 1941.

Before Justices CASE and DONGES.

For the prosecutors, *Homan, Buchanan & Smith* (*Ewald J. J. Smith*).

For the respondents, *Louis Josephson* and *J. Conner French*.

The opinion of the court was delivered by

CASE, J. The writ of *certiorari* brings up a resolution of the Zoning Board of Adjustment of the City of Trenton recommending to the Board of Commissioners that a permit for use of property as a funeral home and private residence be given in a district restricted against funeral homes. The writ also brings up the resolution of the Board of Commissioners approving that recommendation.

The Board of Adjustment conducted a hearing (*R. S.* 40:55-39(a)) and received evidence, some given rather formally under question and answer, some by mere statement. The testimony was not sworn and the statute does not require that it should be. *Amon* v. *Rahway,* 117 *N. J. L.* 589, 592. The only real contradiction in the facts concerned the alleged existence of an alleyway said by the opponents of the permit to constitute an intersection through the line of the property, and this, we think, has no important bearing upon the issue. The board also made physical examination of the property and the neighborhood.

From the record we deduce the following facts: The property is that formerly owned and occupied by Mr. Justice Van Syckel and more recently by his estate. It is located at 425 Greenwood avenue, with a frontage of 100 feet and a depth of approximately 350 feet, running through to Tyler street. The building is of the old-fashioned roomy type, not now in demand for strictly residence purposes. It is one of five

properties which together constitute the block between Clinton avenue and Hudson street on the southerly side of Greenwood avenue. Clinton avenue is zoned for business to a depth of 100 feet on Greenwood avenue, which includes the property at the southeast corner of Clinton avenue and Greenwood avenue and practically all of the adjoining property on Greenwood avenue used as a private hospital and owned by prosecutor Sandler. The next property, owned by prosecutor Swayze, has a frontage of 100 feet and has for a long time been put to the same use as that for which the questioned permit was granted to Ullrich, namely, that of a funeral home. Next is the property now in question. The only remaining property in that block consists of vacant land at the corner of Hudson street; the dwelling formerly thereon was razed a few years ago. On the opposite side of Greenwood avenue is the property of prosecutor Friends' Boarding Home, next to which, and almost opposite the termination of Hudson street, is a parking yard used largely by the patrons of the neighboring Pennsylvania Railroad Company. The property of the remaining prosecutor, Naylor, appears to be on Tyler street opposite the rear of the questioned plot.

The first point made by prosecutors is that the action of the Board of Adjustment was invalid because no evidence of unnecessary hardship was presented to the board, without which, as is said, it had no jurisdiction to act. We think that the facts in proof are sufficient to spell out jurisdiction for the Board of Adjustment sitting as a *quasi*-judicial body to determine whether to make or not to make a recommendation.

It is next said that there was a failure on the part of the Board of Adjustment to make a finding of facts to support the conclusion of unnecessary hardship. The resolution adopted by the Board of Adjustment recited that the board had made an examination of the premises and found the building suitable for the contemplated use, that the real estate was not embraced within the distance of 150 feet from the boundary line of the zone where the desired use was allowed by the ordinance, that there had been a public hearing at which evidence was taken both on the part of the applicant and in opposition thereto, and that the judgment of the board,

based on that evidence and the inspection of the property, was that a denial of the permit sued for would create an unnecessary hardship, and, further, that the contemplated use was peculiarly suitable on the property in question and would not be contrary to the public interest, would not materially increase traffic, fire, panic or other dangers, would not be injurious to the health, morals or general welfare and would observe the general spirit of the ordinance and accomplish substantial justice. The statutory requirement, *R. S.* 40:55-39, for an intervention by the board is that a literal enforcement of the provisions of the ordinance will result in unnecessary hardship. We think that the finding of the board was in substantial compliance with that jurisdictional requirement and that the proofs sustain the finding.

We are of the opinion that neither the action of the Board of Adjustment nor that of the Board of Commissioners was arbitrary or an abuse of discretion.

A further complaint is that the Board of Commissioners made no finding of facts and afforded the objectors no opportunity to be heard. The resolution passed by the commissioners recited and reviewed the proceedings theretofore had, including the findings and the recommendation of the Board of Adjustment, and thereupon approved the recommendation.

There was no request upon the commissioners to give notice of their consideration of the recommendation or to conduct a hearing. The statute does not direct the governing body to give notice or to conduct a hearing, and we find that under the circumstances of the case there was no error in the non-action. The parties had their day before the Zoning Board. They put in such proofs as they wished and made their arguments thereon. The decision went against the objectors. The decision was not effective until the governing body approved, but the recommendation and the approval were pursuant to the hearing, and the proofs, as we have said, sustain the result.

The remaining points presented on prosecutors' brief do not, we think, call for discussion beyond what we have already said.

We find no error. The writ of *certiorari* will be dismissed, with costs to the respondents.