L. ELIZABETH P. GRIGGS, SAMUEL COHEN, EDWARD H. SALTZMAN AND FRANCES B. SALTZMAN, HIS WIFE, WILLIAM I. LEWIS AND PHILIP J. RAPPAPORT, PROSECUTORS, v. THE CITY OF PATERSON, A MUNICIPAL CORPORATION, THE BOARD OF ADJUSTMENTS OF THE CITY OF PATERSON, THE BOARD OF PUBLIC WORKS OF THE CITY OF PATERSON AND JOHN H. STEAD, AGENT FOR DONALD FERGUSON, DEFENDANTS.

Submitted May 2, 1944—Decided October 6, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the prosecutors, *Randal B. Lewis.*

For the defendants, *John F. Evans.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up a resolution and determination of the Board of Adjustments of the City of Paterson by which that board recommended to the governing body of the city that a variance from the zoning ordinance be permitted with respect to certain property located in an "A" residence zone, and also brings up the resolution of the governing body, the Board of Public Works, in approving and adopting such recommendation.

The property in question, the residence of the late John W. Ferguson and unoccupied since his death and that of his

widow, is a large residential property. The land extends 200 feet along Twelfth Avenue and is 150 feet deep along East Twenth-eighth and East Twenty-ninth Streets. Upon it is erected a large single dwelling house containing nineteen rooms, which was built some thirty-five years ago.

The defendant John H. Stead, acting on behalf of the heirs or devisees of Mrs. Ferguson, made application to the Board of Adjustments for permission to conduct upon the premises a funeral home, a use that is not permitted in "A" residence zones by the zoning ordinance of the city. The applicant contended that a literal enforcement of the provisions of the ordinance would result in unnecessary hardship, and that the variance sought would not be contrary to the public interest. *R. S.* 40:55–39.

The required notice to all property owners within 200 feet of the affected premises being given, a hearing was held at which some of the owners appeared and were represented by counsel to voice their objection to the proposed variance. Written objections were also filed, signed by some persons owning property within 200 feet and by others who did not.

The applicant John H. Stead and one Harold W. Hutchinson, both of whom are real estate men experienced in dealing with and familiar with property conditions in Paterson, testified at the hearing. They testified that properties like the one in question are obsolete as residences. Due to its age, size, expense and work of upkeep, the amount of taxes, and like considerations, there is little or no demand for such residential property, according to their testimony. They testified that in their opinion it would work a hardship upon the owners to require that this property be continued to be used solely for residential purposes. Instances were cited of other large town houses that could not be continued in such uses and were either torn down at a loss to the owners or converted to other uses. They further testified that in their opinion the proposed use as a funeral parlor would not affect traffic conditions or the general welfare or health of the persons in the neighborhood.

Dr. J. A. Maclay, a physician who lives across the street at the corner of Twenty-ninth Street and Twelfth Avenue, tes-

tified for the applicant and said that in his opinion the use of the property as a funeral home would not be injurious to the health or general welfare of the neighborhood. He had no objection to such use.

Several of the objectors testified to the effect that this was strictly a residential neighborhood and they objected to any departure from such condition. There was no testimony that really met that of the applicant on the issue of unnecessary hardship.

In this state of the case the Board of Adjustments adopted the resolution under attack and recommended the variance, and the Board of Public Works, after further informal hearings, accepted the recommendation and acted thereon.

The burden of prosecutors' argument in this court seems to be that the proofs were insufficient to support the action of the municipal authorities, but we think this is not so. "The presumption is that this was a legitimate exercise of municipal power; and the burden of establishing the contrary rests upon prosecutors." *Phillips Oil Co.* v. *Municipal Council, &c., Clifton,* 120 *N. J. L.* 13. The present case is very much like that of *Sandler* v. *Trenton,* 126 *Id.* 392, where this court sustained the municipal authorities in permitting the operation of a funeral home in a residential zone. The proper purpose of zoning is "Conserving the value of property and encouraging the most appropriate use of the land." *Gabrielson* v. *Glen Ridge,* 13 *N. J. Mis. R.* 142. We think the proofs in this case are ample to support the finding that the strict enforcement of the ordinance would work an unnecessary hardship and that the variance sought will not be contrary to public interest.

The writ is dismissed, with costs.