17 N.J. Super. 390 (1952)
86 A.2d 134
JULES G. FRIZEN, ET AL., PLAINTIFFS,
v.
CLARENCE F. POPPY AND RUTH M. POPPY, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 4, 1952.
*391 Mr. Richard B. Magner, attorney for the plaintiffs.
Mr. Henry St. C. Lavin, attorney for the defendants.
FREUND, J.S.C.
The plaintiffs, owners of one-family dwellings in the "A" zone residential district of the City of Linden, instituted this proceeding to enjoin the defendants *392 from using a dwelling building as a funeral home, upon the ground that such use violates the zoning ordinance. The defendants acquired title to their property in October, 1950. The ordinance was in effect long before, since May, 1927. The pertinent section provides as follows:
"Sec. 2: A: District  One Family Residence.
In A-district no building or premises shall be used * * * except for one or more of the following specified uses:
1. One family dwellings, including the office of a physician, surgeon, dentist, musician, or like profession when situated in the same building used by such physician, surgeon, dentist, musician, or like profession as his private dwelling * * *."
The plaintiffs testified to the residential character of the neighborhood; that, prior to February, 1951, the defendants' property was a private dwelling, but since then is being used as a funeral home, resulting in the congregation of people, the assemblage of vehicles and the delivery to and from the premises of the paraphernalia associated with funerals. The defendants themselves did not testify, but the father of the defendant, Clarence F. Poppy, testified that prior to the taking of title, on June 5, 1950, the Department of Buildings of the City of Linden issued to the defendants a certificate of occupancy, certifying that the building conformed to all the requirements of the building code, and at the bottom of the certificate the following notation appears in ink: "Bldg. to be used as funeral parlor." Thereafter, the defendants made extensive alterations to the interior, but none to the exterior of the premises. The plaintiffs had no knowledge of the issuance of the certificate of occupancy, nor did they have any notice of the intended use of the property until January, 1951, when the defendants erected a sign advertising the premises as a funeral home. Thereupon, 18 property owners, the plaintiffs among them, protested to the municipal authorities and formally petitioned them to prevent continuance of the defendants' operations. A hearing was held, but no affirmative action was taken by the municipality. The following excerpt is from the minutes of the meeting of the common council:
*393 "Mr. Monico (evidently a member of the council) stated that the members of the Council fully appreciate the sentiment of the petitioners and at the same time it recognizes the dilemma of the property owner. Mr. Monico added that the Governing Body was not previously requested to pass on the question whether the operation of a funeral parlor business falls within the stipulation `or like profession' appearing in Item 1, Section 2A of the Zoning Ordinance. Mr. Monico further stated that it would appear that this is a question for the courts to decide."
And the plaintiffs accordingly filed their complaint.
To maintain the integrity of a residential area against encroachment by an enterprise not within the terms of the zoning ordinance, an owner suffering special injuries may maintain a suit to enjoin such violation. Stokes v. Jenkins, 107 N.J. Eq. 318 (Ch. 1930); Yanow v. Seven Oaks Park, Inc., 15 N.J. Super. 73 (Ch. Div. 1951). A municipality may also. Mayor, &c., Alpine Boro v. Brewster, 7 N.J. 42 (1951). Even though an undertaking establishment is not a nuisance per se, Westcott v. Middleton, 43 N.J. Eq. 478 (Ch. 1887), affirmed 44 N.J. Eq. 297 (E. & A.) 1888), an ordinance which specifically or by operation excludes such an establishment from residential districts is not void upon the ground of unreasonableness. Jack Lewis, Inc., v. Baltimore, 164 Md. 146, 164 A. 220 (Ct. App. Md. 1933), appeal dismissed 290 U.S. 585, 78 L.Ed. 517.
The occupation of undertaker or funeral director is a business, not a profession; the licensing act refers to it as a business, R.S. 45:7-1 et seq.; one who operates an "undertaking establishment" or "funeral home" or "funeral parlor" conducts a business, and an injunction will issue when such use of the premises is in violation of a restrictive covenant or zoning ordinance. Babcock v. Laidlaw, 113 N.J. Eq. 318 (Ch. 1933); Ex parte Ruppe, 252 Pac. 746 (Ct. App. Cal. 1927); Building Commissioner of Brookline v. McManus, 160 N.E. 887 (Sup. Jud. Ct. Mass. 1928); Bond v. Cooke, 262 N.Y. Supp. 199 (App. Div. 1932); Arthur v. Virkler, 258 N.Y. Supp. 886 (Sup. 1932); Heimerle v. Bronxville, 5 N.Y. Supp.2d 1002 (Sup. 1938), *394 affirmed without opinion 11 N.Y. Supp.2d 367 (App. Div. 1939); Ullrich v. State, 46 A.2d 637 (Ct. App. Md. 1946); Annotation, 165 A.L.R. 1112.
In Bond v. Cooke, supra, the zoning ordinance was almost identical with the one involved in this cause. It prohibited the use of any building in the zone except for residence, and when coupled with his dwelling that of the "office or studio of a physician, surgeon, dentist, lawyer, dressmaker, artist or musician * * *." The court said:
"* * * it is a matter of common knowledge that the undertaker's establishment has to do with dead bodies, a morgue, the temporary storage of the dead, inquests, autopsies, the going and coming of funeral wagons and hearses, the presence of sorrowing relatives, friends, and mourners, the holding of funerals, and the solemn obsequies and somber trappings commonly identified therewith. When constantly forced upon the attention of neighbors and the passersby of the community, it is not unreasonable to conclude that these have a depressing influence on normal people and tend to make them uncomfortable, as well as to render nearby residence less desirable. It is but reasonable to presume that these considerations were in the mind of the common council when the ordinance was adopted. (Citations.)
* * * And, however improved and genteel his (the undertaker's) methods may have become, his role, as it were, remains the same. Although he still prepares human remains for burial, he also provides, for a price more or less standard in the community, the supplies, equipment, and accommodations thought necessary or desirable to that end * * * The contention that the undertaker is not in business, but is a professional man, is not in harmony with the views long held. * * * That the undertaker is not a businessman and does not conduct a business within the meaning of * * * the ordinance under consideration, is a contention that cannot be sustained."
The issuance of the certificate of occupancy by the department of buildings with the notation thereon that "Bldg. to be used as a funeral parlor" would not warrant denial of relief to the plaintiffs. The department of buildings had no power to authorize a use of the building contrary to the provisions of the zoning ordinance. Giordano v. Dumont, 137 N.J.L. 740 (E. & A. 1948); Building Commission of Brookline v. McManus, supra. On appeal, authority *395 to vary the ordinance was vested in the board of adjustment both by statute, R.S. 40:55-42, and by the ordinance itself, article II, section 2. Dickinson v. Plainfield, 13 N.J. Misc. 260 (Sup. Ct. 1935); Sandler v. Trenton, 126 N.J.L. 392, (Sup. Ct. 1941); Griggs v. Paterson, 132 N.J.L. 145 (Sup. Ct. 1944); Marrocco v. Board of Adjustment, Passaic, 5 N.J. Super. 94 (App. Div. 1949), certification denied, 3 N.J. 379 (1950). But the defendants made no application for a variance of the ordinance in accordance with its provisions.
There is no evidence of any conduct or acts on the part of the plaintiffs which could possibly operate as an estoppel to their right to relief.
Judgment accordingly.