90 N.J. Super. 295 (1966)
217 A.2d 168
HAROLD KLOTZ, PLAINTIFF,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF ENGLEWOOD CLIFFS, LEON ARRIGO, BUILDING INSPECTOR OF THE BOROUGH OF ENGLEWOOD CLIFFS, AND THE BOROUGH OF ENGLEWOOD CLIFFS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 15, 1966.
*296 Mr. Lester P. Dubow for plaintiff, (Messrs. Krugman, Chapnick, Grimshaw & Dubow, attorneys).
Mr. George Martin for defendants.
SCHNEIDER, J.C.C. (temporarily assigned).
This is a suit in lieu of prerogative writs to review the action of the building inspector and board of adjustment in granting a permit for a fence in violation of the zoning ordinance.
Plaintiff is the owner of property at 316 Ropes Avenue, Englewood Cliffs, New Jersey. John Schipper is the owner of property at 320 Ropes Avenue, adjoining the property of plaintiff, and is on the southwest corner of Charlotte Place. On September 3, 1964 permit No. 3336 Zone B was issued by the building inspector to Schipper to erect a fence on his premises.
Plaintiff demanded of the building inspector that the permit be revoked since it violated chapter III, section 2, paragraph 5(d) of zoning ordinance No. 100R of the Borough of Englewood Cliffs which provides that in the dwelling zones specified, no fence shall be constructed or placed in front yards. Plaintiff contended property of Schipper is in such a zone. The building inspector took no action to revoke the permit.
*297 On January 26, 1965 plaintiff appealed to the board of adjustment, requesting that the permit be revoked as being in violation of the ordinance and requesting the fence be removed. On March 8, 1965 there was a hearing and on April 12, 1965 the board denied plaintiff's application to revoke the permit.
Schipper erected a cedar stockade fence around his property from the front property line to the rear line and along the rear line.
Plaintiff contends said fence is erected in violation of law and the action of the board of adjustment is arbitrary and unreasonable. Defendants contend that the erection of the fence is permitted by the municipal action.
The zoning ordinance in question provides:
"In dwelling zones specified above, no fences shall be constructed or placed in front yards."
Chapter I, section 1, "Definitions," provides:
"(12) Front Yard. A `front yard' is an open unoccupied space within and extending the full width of the lot between the front lot line and the parts of the building setting back from the nearest such line."
Chapter II, section 3, "Miscellaneous," paragraph 4, provides:
"4. Walls, steps and fences. The requirements of this ordinance respecting yards and courts shall not apply to any accessory retaining walls, steps, or fences which are less than six feet in height. Fences shall not exceed six feet in height."
The testimony at the hearing shows that the stockade fence begins approximately ten feet from the curb line and runs to the rear of the property and then runs at right angles to within ten feet from Charlotte Place, then along the property line to within ten feet of Ropes Road. The fence is six feet tall.
*298 Plaintiff contended the fence is a safety hazard. All the children in the neighborhood wait in his driveway and they cannot see out to Charlotte Place for the coming of the bus. It also blocks his view of traffic when he drives out of his driveway.
The building inspector explained that he did not consider the side line in front of the house as part of the front yard. To him the front yard was only across the front of the property.
By a vote of 4-1 the board upheld the building inspector. The resolution found the fence to be an accessory fence and therefore governed by chapter II, section 3, paragraph 4, and permitted to a height of six feet. They found the intent of the zoning ordinance to be maximum privacy and protection of the residents, and the prohibition of fences across front yards.
The acts of the governing body are presumed valid. The zoning ordinance defined front yards and said there are to be no fences on these front yards. The ordinance is very specific, and to say the side line of the front yard is not part of the front yard is stretching words to the furthest extreme. The court finds the entire area in front of the house is the front yard, and there is a restriction against fences.
There is no attack upon this part of the ordinance and there is sufficient reason for such regulation. Safety, and the beauty of the area are sufficient reasons for the regulation.
The only question is the effect of chapter II, section 3, paragraph 4, upon the fence restriction in the front yard. It refers to yards in a general way, but does not specifically refer to the special regulation in front yards. An interpretation of this section as permitting what is specifically prohibited would not be in the contemplation of the framers of the ordinance. I find this section does not relate to a fence in the front yard. This is further substantiated by the restriction against hedges and evergreens over three feet in height.
*299 This is not an application for a variance. N.J.S.A. 40: 55-39 (a) provides for appeals from an action of the building inspector. His decisions are not discretionary. The board can only interpret the ordinance and not go into the question of what some other previous inspector did or the reasons for the regulation. It must interpret the regulation and enforce it.
A building inspector has no authority to permit a use which is prohibited by the ordinance. His duties are mandatory, not discretionary. Frizen v. Poppy, 17 N.J. Super. 390 (Ch. Div. 1952); Giordano v. Mayor and Council of Borough of Dumont, 137 N.J.L. 740 (E. & A. 1948).
The municipality contends there was no power in the municipality, and quotes the case of City of Norris v. Bradford, 204 Tenn. 319, 321 S.W.2d 543 (Sup. Ct. 1958). There is a presumption of validity; the municipality cannot grant a permit, uphold the action in the appeal to the board of adjustment, and then deny the validity of the zoning provision. No such issue was raised in the pleadings, pretrial order or anywhere in the case.
Judgment will be rendered revoking the permit insofar as it covers the area from the street line to the house line. Proceedings may be had by order of this court to require the removal of the fence from this area.