BUILDING COMMISSIONER OF BROOKLINE *vs.* WILLIAM H. McMANUS.

Norfolk.    January 11, 12, 1928.— April 4, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Zoning. Building Commissioner. Municipal Corporations,* By-laws and ordinances, Officers and agents. *Equity Jurisdiction,* To enforce zoning by-law. *Election. Agency,* Scope of authority. *Undertaker. Words,* "Commercial."

A zoning by-law of a town provided that in a certain district "no building shall be used . . . which is intended or designed to be used for any purpose except . . . purposes which are not particular industries, trades, manufacturing or commercial purposes." In a suit in equity by the building commissioner of the town against an undertaker and embalmer, it appeared that the defendant purchased certain premises within the district after the by-law took effect; that he lived elsewhere; that he had a license as an undertaker and a special license as an embalmer; and that for about two years previous to the filing of the bill he had maintained and conducted on the premises an undertaking establishment and "funeral home" in which those things were done and performed which usually are done and performed by undertakers. A final decree was entered permanently enjoining the defendant from making such use of the premises and from further violation of the zoning by-law in respect to such use. *Held,* that

(1) The defendant was using the premises for a commercial purpose;

(2) Such use was prohibited by the provisions of the by-law above quoted;

(3) The final decree was proper.

In the suit above described, it appeared that over a year previous to the filing of the bill the plaintiff instituted a criminal complaint for violation of the by-law against the defendant, who was found not guilty after trial in the Superior Court. The by-law provided that the building commissioner "shall take immediate steps to enforce the by-law by making complaint . . . or by applying for an injunction to the Superior Court." *Held*, that

(1) The suit was not barred because the plaintiff had pursued another remedy given him by the by-law for a previous violation of it;

(2) *Whether* both remedies could be pursued was not decided.

It appeared in the suit above described that before the defendant purchased the premises he stated to the plaintiff that he was about to do so, and asked if it was all right to use them as a "funeral home"; and that the plaintiff replied; "In my opinion it is all right. I consider it as much a profession as a doctor." *Held*, that

(1) The statement made by the plaintiff did not prevent him from proceeding in his official capacity to prevent a violation of the by-law;

(2) The plaintiff was without authority to waive or modify the provisions of the by-law.


BILL IN EQUITY, filed in the Superior Court on June 8, 1927, and afterwards amended.

The case was heard on an agreed statement of facts by *McLaughlin*, J. The statement by the plaintiff to the defendant referred to in the opinion was made before the defendant purchased the premises in question. The defendant said to the plaintiff, "I am going to buy the house 26 Davis Avenue. Is it all right to use it as a funeral home?" The plaintiff answered, "In my opinion it is all right. I consider it as much a profession as a doctor." Other material facts are stated in the opinion.

By order of the judge, a final decree was entered permanently enjoining and restraining the defendant from using the premises and building in question for the purpose of an undertaking establishment or the business of an undertaker, and from further violation of the zoning by-law in respect to such uses. The defendant appealed.

*H. T. Patten*, for the defendant.

*P. S. Parker*, for the plaintiff.

CROSBY, J.   This bill in equity is brought by the building commissioner of Brookline to restrain the defendant from violating the zoning by-law of that town by using premises owned and occupied by him for an undertaking establishment and there carrying on the business of an undertaker. The bill was filed June 8, 1927.

It is agreed that on May 23, 1922, a zoning by-law was duly adopted by the town dividing it into districts, each subject to special regulations as to the use and construction of buildings therein located; that the by-law was duly approved by the Attorney General and published as required by law; and that it became effective on June 4, 1922.   Section 3 of the by-law, in part, is as follows: "In a district marked by the numeral 3 no building shall be used and no building shall be erected which is intended or designed to be used for any purpose except one or more of the following: — . . . (e) Other purposes which are not particular industries, trades, manufacturing or commercial purposes."   It is also agreed as follows: "The defendant William H. McManus became the owner and occupant of the premises No. 26 Davis Avenue, Brookline, in February, 1925; he is an undertaker and since June, 1925, has maintained and conducted an undertaking establishment and funeral home on the same; he resides elsewhere in the said town and uses the premises solely for the above named purpose; his books and accounts are kept there; bills are sent out from there; orders are received there, and funerals are conducted on the premises; funerals are managed from the premises as the central office; embalming of bodies is performed on the premises; bodies are carried into and from the building in baskets and caskets; embalming table and embalming paraphernalia are maintained and used on the premises; chairs are kept there for use at funerals on the premises and elsewhere; some caskets are stored on the premises; a hearse is on the premises as occasion requires; name is in the telephone directory as follows: 'McManus, Wm. H. Undertaker, 26 Davis Ave. Residence, 173 Pond Avenue'; a small sign on the building reads 'McManus Funeral Home'; assistant lives on the premises; those things are done and performed which usually

are done and performed by undertakers.   The defendant has a special license as an embalmer in addition to his undertaker's license."   It is further agreed that the premises above referred to "are located in a district No. 3 as contained in the said zoning by-law."   The question to be decided is whether the use of the premises made by the defendant is prohibited by clause (e) of § 3.   The agreed facts make it plain that the defendant was using the premises for a commercial purpose.

Undertaking, as commonly carried on, is not a profession; it is a business or occupation.   It has been held that the working tools of an undertaker are not professional instruments.   *O'Reilly* v. *Erlanger*, 108 App. Div. (N. Y.) 318.   See also *Rowland* v. *Miller*, 139 N. Y. 93.   An undertaker is required to be licensed by a board of health under G. L. c. 114, § 49.   An embalmer is also required to be registered under G. L. c. 112, §§ 82, 87.   The fact that before a person can lawfully engage in the business of embalming he is required to submit to examination and be registered does not change business into something else any more than the occupations of others are changed by the requirement that they be licensed.   See *Wyeth* v. *Cambridge Board of Health*, 200 Mass. 474.

The circumstance that on March 4, 1926, a criminal complaint was issued in which the plaintiff as building commissioner was complainant against the defendant for violation of that part of the zoning by-law above set forth, and the defendant was convicted and sentenced to pay a fine in the District Court, and on appeal to the Superior Court was found not guilty, is not a bar to the maintenance of this bill.   Article 4, § 3 of the zoning by-law provides that the building commissioner "shall take immediate steps to enforce the by-law by making complaint . . . or by applying for an injunction to the Superior Court."   It is the contention of the defendant that this provision of the by-law gives the commissioner one of two remedies, and that having elected to proceed by complaint this proceeding for injunctive relief will not lie.

It is a sufficient answer to this contention to say that the by-law gives the plaintiff two remedies; because he has pursued one of them for the first violation, he is not barred from invoking the other for a subsequent violation. We do not decide that both remedies may not be pursued concurrently, nor that the word "or" cannot properly be construed as "and." "It often is construed as 'and' in order to accomplish the intent manifested by the entire act or instrument in which it occurs." *Gaynor's Case,* 217 Mass. 86, 89.

The statement made by the plaintiff to the defendant does not prevent him from proceeding in his official capacity to prevent a violation of the zoning by-law. The plaintiff was without authority to waive or modify the provisions of the by-law. *Franklin Savings Bank* v. *Framingham,* 212 Mass. 92, 95. *Brookline* v. *Whidden,* 229 Mass. 485, 492, 493. The cases cited by the defendant in this connection are distinguishable in their facts from the case at bar.

*Decree affirmed with costs.*