By the Court.
 

 The relators, Kenneth B. Harris and others, duly presented to the Secretary of State articles of incorporation wherein they sought to incorporate The Columbus Optometric Company for the following purposes:
 

 “To engage in the business of the practice of optometry through the application of optical principles, through technical methods and devices-in the examination of human eyes for the purpose of ascertaining
 
 *367
 
 departures from the normal, measuring their functional powers and adapting optical accessories for the aid thereof, and to do all things necessary and incident to the conduct of such business.”
 

 The defendant, George S. Myers, as Secretary of State, refused to accept the application and the prescribed fee which was tendered, upon the ground and for the reason that “the purpose clause of such articles of incorporation discloses that such corporation is attempted to be formed for the purpose of practicing a profession” in violation of Section 8623-3, General Code, which prohibits incorporation for profit for the purpose of carrying on the practice of any profession. Whereupon this action in mandamus was instituted and a writ sought requiring the Secretary of State to file the proffered articles of incorporation and issue to relators a certified copy thereof. The sufficiency of the facts stated to constitute a cause of action was challenged by general demurrer.
 

 The purpose clause of the proposed corporation is in substantially the same language as the provisions of Section 1295-21, General Code, which defines the practice of optometry, as follows: “The practice of optometry is defined to be the application of optical principles, through technical methods and devices in the examination of human eyes for the purpose of ascertaining departures from the normal, measuring their functional powers and adapting optical accessories for the aid thereof.”
 

 Whatever refinements of reasoning may be brought to bear upon the question of whether optometry is a business to be carried on,' or engaged in, or a profession to be practiced, the Legislature of this state has quite definitely placed it in the category of professions. The statute (Section 1295-21
 
 et seq.,
 
 General Code) makes it unlawful for any person to practice optometry who is not more than twenty-one years of age and who has not met the requirements therein prescribed. Evi
 
 *368
 
 deuce of preliminary education specified must be furnished, and a two year course in optometry completed, and then the qualifications of the applicant are to be tested by an examination conducted by a board appointed as therein provided. Not only is good moral character made one of the prerequisites to admission to the examination for a certificate authorizing the applicant to practice optometry, but the board is authorized to revoke such certificate for any of the causes enumerated, among which are “gross immorality, grossly unprofessional or dishonest conduct,” etc. Specifically exempt from the requirements of the act are physicians and surgeons practicing under authority of license issued under the laws of this state for the practice of medicine and surgery, and also persons selling spectacles or eye-glasses, but who do not assume directly or indirectly to adapt them to the eye, and who do not practice or profess to practice optometry. Throughout these statutory provisions the Legislature of this state has recognized optometry as a profession. The statutes of many states specifically. characterize it as such.
 

 It thus appears that the Secretary of State has not refused to perform a duty enjoined upon him by law for which mandamus would lie, but, on the contrary, that in his refusal to accept and file the proposed articles of incorporation he has acted in obedience to the requirements of Section 8623-3, General Code. The demurrer to the petition is therefore sustained and the writ of mandamus prayed for is denied.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Revis, Zimmerman and Wilkin, JJ., concur.