## BUSSE & BORGMANN Co v UPCHURCH

Ohio Appeals, 1st Dist, Hamilton Co

No 5456.   Decided July 5, 1938

Carl F. Pieper Cincinnati, and D. T. Hackett, Cincinnati, for appellee.

John C. McCarthy, Cincinnati, George A. Schwenzer, Cincinnati, Louis F. Britten, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

This is an action upon a claim presented to an administratrix and rejected by her.

The action was instituted in the Municipal Court of Cincinnati. A jury was demanded. The jury returned a verdict for the plaintiff. The defendant filed a motion for a new trial, and for judgment notwithstanding the verdict. The court overruled the defendant's motion for a new trial and sustained her motion for judgment, on the ground that the defendant's claim against the estate was barred by the statute of limitations.

On appeal to the Court of Common Pleas of Hamilton County, that judgment was reversed and final judgment rendered on the verdict for the plaintiff. The defendant appealed from that judgment to this court.

The decedent died on January 2nd, 1935, and the defendant was appointed administratrix on January 11th, 1935. The plaintiff alleged that its claim was presented for allowance on May 1st, 1936, and was rejected by the administratrix on May 5th, 1936. It will be seen that the delay in presenting the claim was much longer than normally permitted by the Probate Code. (§10509-112, GC). To avoid the effect of this delay the plaintiff alleged that under authority of §10509-134, GC, it filed in the Probate Court a petition for reinstatement of its claim, alleging in said petition that it had failed to bring its claim to the administratrix within the time prescribed by law for such purpose, that petitioner was not chargeable with culpable negligence in failing so to do, and that its claim was justifiable and equitable. The plaintiff alleged that on the hearing of this petition by the Probate Court, of which notice was duly served upon all the interested persons and at which they were present, the court, on May 28th, 1936, found that the plaintiff's claim had not been presented to the administratrix for allowance or rejection within the time prescribed by law, that the plaintiff was not chargeable with negligence in so failing, and that justice and equity required that the plaintiff be allowed to bring its claim for allowance, and on said finding decreed that the plaintiff be, and it was granted the right and permission to present its claim to the administratrix for allowance or rejection as provided by law. The plaintiff then alleged that more than twenty days had elapsed after said entry and that no appeal had been taken therefrom.

The defendant denied that the plaintiff's claim was reasonable or just, that plaintiff was not authorized to carry on the undertaking or embalming business, that she had rejected the claim on many occasions prior to May 28th, 1936 and that it was barred by the statute of limitations.

The appellant assigns many errors.

It is claimed that the claim had been presented and rejected, and became barred prior to the hearing on the petition for reinstatement, and that the Probate Court was lacking in jurisdiction to extend the time for presentation and thereby revive a claim already barred. However, if that situation existed at the time of the hearing in the Probate Court, it should have been brought to the attention of that court. The statute (§10509-134, GC) authorizes the court to permit claims to be presented when the claimant has failed to present them. It does not apply to rejected claims. But it was necessary for the Probate Court to determine whether the claim had been rejected previously in order to exercise the jurisdiction conferred upon it. It is the law that whenever a court's jurisdiction is dependent upon the existence of a certain state of facts the court has jurisdiction to inquire and determine whether such state of facts exists—otherwise, it would be powerless to proceed. 1 Freeman on Judgments (5th ed.) §350. And when the court's finding on the jurisdictional facts is supported by evidence, its judgment cannot be questioned collaterally. The defendant should have appealed from the order, and, in that

way, secured a review. It should be said, however, that the record in this case shows that, at best, the evidence was conflicting as to whether this claim had ever been rejected prior to the hearing in the Probate Court, and, if the same evidence had been presented at that hearing the court would have been justified in finding that the claim had never been presented or rejected.

We conclude that the entry of the Probate Court granting leave to present this claim foreclosed inquiry in this case as to whether the claim had been presented prior to the date of that entry, and that the Municipal Court properly submitted the issue of the statute of limitations to the jury and subsequently erred in concluding that the claim was barred as a matter of law. The Common Pleas Court committed no error in holding that the Municipal Court had erred in that respect.

It is next urged that the plaintiff cannot recover because it was engaged in the undertaking business without a license, contrary to Chapter 23, §1335, et seq., GC, and that as that chapter gives to embalming and conducting funerals the status of a profession, a corporation cannot under §8623-3, GC, be organized to carry on such an activity. The plaintiff carried on its activities through employment of natural persons, who were licensed embalmers and funeral directors. However, this could not be done by a corporation under §8623-3, GC, if embalming and conducting funerals has been made a profession. In the absence of legislative mandate, it is quite clear that embalming would not be classed among the professions. It is clear that it was not so regarded when the antecedent of §8623-3, GC, was enacted. The Legislature has in certain instances enlarged the professional field since the enactment of that statute, thereby reducing the field of corporate activity. By §1295-21 et seq., GC, it has brought optometry within the professional class, and in State ex v Myers, 128 Oh St 366, the court held that a corporation could not be organized to practice it. In State ex v Buhl Optical Co., 131 Oh St 217, the court marked out the forbidden field for a corporation organized to transact the business of buying, selling, and manufacturing optical lenses and glasses, and issued a writ prohibiting such corporation from entering the forbidden field by practicing optometry through licensed optometrists in its employ, contrary to §1295-22, et seq., GC. The court at pages 221 and 222 said that

under the statutes of Ohio optometry was a limited statutory profession and that a corporation could not be organized to practice it, but also said:

"There are a number of callings in which one may not engage until he has passed an examination and received a license or certificate, for instance, barbering (§1081-1, et seq., GC), embalming (§1335-1, et seq., GC), cosmetology (§1082-1, et seq., GC), surveying (§1083-1 et seq., GC), inspection of steam boilers (§1058-1 et seq., GC), steam engineers (§1040 et seq., GC), aircraft piloting (§6310-38 et seq., GC), pharmacy (§1296 et seq., GC), real estate brokerage (§6373-25 et seq., GC), and nursing (§1295-1 et seq., GC). To hold that in none of these, a corporation organized for legitimate purposes could employ persons so licensed would be going too far. A trade, business or ordinary calling is not changed by the requirement of licensing."

An examination of the statutes relating to optometry (§1295-21, et seq., GC), and comparing the phraseology there found with the language found in the statutes relating to embalmers and funeral directors (§1335-1, et seq., GC), makes clear that the court's construction of the former is no authority for the construction of the latter. In the former (optometry) statutes, reference is constantly made to "The practice of optometry", whereas, no such language is found in the latter (embalming) statutes. In the latter statutes, the activity is described as carrying on or engaging in "the business or profession." Furthermore, the inherent difference in the two activities naturally calls for a different classification.

For these reasons, we hold that embalming and funeral directing have not been made a profession by §§1335-1, et seq., GC, within the meaning of §8623-3, GC.

Next, it is claimed that the court erred in sustaining the following question on cross-examination of the plaintiff's witness:

"Q. Mr. Busse, you told this jury a moment ago that this bill was reasonable. Isn't it a fact that you can inter people and embalm them and do all the service that you did in this case for a lot less money?"

The answer to that question could throw no light upon the issue of the reasonableness of the services rendered under the circumstances of this estate. The reason-

ableness is to be determined by such factors as the nature of the services and supplies furnished, and the extent of the estate, etc., 18 Ohio Jur., 412. Whether the services could have been done for less or for nothing would furnish no rule by which to determine the reasonableness or unreasonableness of the charge under the circumstances of this case.

We find no error prejudicial to the appellant.

The judgment of the Common Pleas Court is affirmed.

ROSS, PJ, and HAMILTON, J, concur.