# Hampton et al. v. Norristown Board of Adjustment

*Harry J. Alker, Jr.*, for plaintiffs.

*Julian W. Barnard*, for zoning board of adjustment.

*James R. Caiola*, for applicant.

CORSON, J., May 6, 1950.—In the present case, from the record sent up by the Norristown Board of Adjustment, it would appear that Merritt W. Bosler, a tenant of 1431 Pine Street, Norristown, applied to the building inspector for permission to operate an undertaking business at 1431 Pine Street. Admittedly, this house is located in a class "B" residential district under the Zoning Ordinance of Norristown.

The building inspector notified Mr. Bosler that to operate such a business at this location would be a violation of article 2, sec. 7, item 9, of the zoning ordinance which prohibits ". . . business of any kind except home occupations such as dressmaking or millinery, and offices for professional persons . . .".

In section 8 of the same article, undertaking businesses are permitted in class "C" and "D" residential districts. The building inspector refused permission, whereupon an appeal was taken to the board of adjustment, which overruled the building inspector and granted a variance to allow the use of 1431 Pine Street for an undertaking business. Plaintiffs, residents of the neighborhood, appealed to this court.

The question to be decided is whether or not the board had the power to grant a variance under these

facts. Admittedly, in this case an exception could not be granted since exceptions are only allowable where the ordinance provides for the granting of special exceptions where certain facts and conditions detailed in the ordinance are found to exist: Devereux Foundation, Inc., Zoning Case, 351 Pa. 478 (1945).

Under the Borough Code, as reënacted by the Act of July 10, 1947, P. L. 1621, sec. 93, 53 PS §15211.7, in subparagraph 3, under powers of board of adjustment, the board is authorized "to authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done".

Do the facts in the present case justify or authorize the board to grant a variance? We feel that they do not. We feel that there are no "special conditions" or "*unnecessary* hardships" in the present case. The very finding of the board mentions hardship but makes no finding or conclusion that any *unnecessary* hardship exists. There are no "special conditions" in the present case. The house in question is merely an ordinary residence, generally similar to all other houses in the block or neighborhood.

Mr. Bosler may feel, and the board apparently felt, that the fact that Mr. Bosler had studied the undertaking and embalming business, that he had no capital, and that his mother-in-law had agreed to allow him to use part of her home for an undertaking business, constituted the hardship contemplated by the amending Act of July 10, 1947, supra. This is not the kind of hardship contemplated by the act or the zoning ordinance. If the action of the board in the present case is to be sustained, any person who may serve his apprenticeship in the hardware business or any other

business, who also has no capital and a complaisant mother-in-law owning a property in a class "B" residential district, would be able to conduct a business in a "B" residential district.

An example of the *unnecessary* hardship referred to in the statutes and the ordinance occurs when, because of zoning restrictions, a man becomes unable to use his lot if the zoning ordinance is literally enforced. Where a man owns a 40-foot lot and the zoning ordinance thereafter enacted requires that no house shall be built upon a lot having less than 50-feet frontage, obviously an unnecessary hardship is imposed upon the owner of a slightly smaller lot by a strict enforcement of the terms of the ordinance. There are many other similar conditions such as set-backs, etc., which, under certain conditions, cannot be complied with. Under such conditions a variance can be, and should be, allowed.

The question has been raised by counsel whether or not the undertaking business is a profession. Evidently Mr. Bosler did not regard it as such since he asked for permission to operate an undertaking *"business"*. A professional office is allowed in a class "B" residential zone without the necessity of either an exception or a variance. While there appears to be no case in Pennsylvania passing upon the question, yet there are many cases in other jurisdictions holding that an undertaking business is not a profession. See Babcock v. Laidlaw et al., 113 N. J. Eq. 318, 166 Atl. 632, 633 (1933); Busse & Borgmann Co. v. Upchurch, 60 Ohio App. 349, 21 N. E. (2d) 349, 352 (1938); Building Commissioner of Brookline v. McManus, 263 Mass. 270, 160 N. E. 887 (1928).

Since the admitted facts in the record, including the findings of fact of the zoning board, do not warrant the grant of a variance, and the carrying on of an undertaking business is not a profession within the meaning

of the ordinance, it follows that the following order must be, and is, entered:

And now, May 6, 1950, for the reasons given, the appeal is sustained and the action of the zoning board of adjustment in granting a permit to Merritt W. Bosler to carry on an undertaking business at 1431 Pine Street, Norristown, is reversed and the board is directed to cancel any permit issued therefor.