# Hewlett v. Zoning Board of Adjustment

*Turner & Stout*, for plaintiff.

*David Berger*, City Solicitor, and *Lenard L. Wolffe*, for defendant.

KUN, P. J., April 26, 1956.—Plaintiff, William T. Hewlett, requested a permit to use premises 3518 North Twenty-third Street as a funeral director's office and one-family dwelling, but was refused such a permit by the zoning administrator. Plaintiff appealed

to the zoning board of adjustment, which treated the matter as a request for a variance, and refused to grant it. The matter is before the court on appeal from the decision of the zoning board.

The pertinent facts are as follows: The premises in question are located in a "C" residential district. Plaintiff owns the premises and proposes to use them not only as a dwelling, but also intends to make an office out of part of the living room. He proposes to have a business telephone in the office and to put out a sign reading "Funeral Director". No burials, embalming or other funeral services will take place at the premises. The block on which the premises are located is entirely residential, with the exception of a drug store on one of the corners and a doctor's office. There are commercial uses in the surrounding vicinity.

The plaintiff contends: (1) That the proposed use is a permitted use, being the office of a "professional" person and that, therefore, no question of variance is involved; (2) that even if the proposed use is not a permitted use, the board abused its discretion in not granting a variance.

With respect to plaintiff's first contention, section 7 (3) of the Philadelphia Zoning Ordinance permits in a residential district the "Office of physician, dentist *or other professional person* when situated in the dwelling of such physician, dentist or *other professional person* and incidental to the main purpose of residence." (Italics supplied.) The question for determination is whether "other professional person" includes a funeral director. Plaintiff relies primarily on the fact that the Funeral Director Law of 1951, effective January 14, 1952, P. L. 1898, 63 PS §479.1, et seq., refers to funeral directing as a "profession" in various portions of the act, and upon the case of Paxtang Board of Adjustment v. Arnold, 8 D. & C. 2d 98, which held that funeral directing is a profession

under the Zoning Ordinance of the Borough of Paxtang, relying on the Funeral Director Act of 1951.

We cannot agree with the conclusion of the Dauphin County Court in the above cited case. The fact that the Funeral Director Act refers to funeral directing as a "profession" is not controlling in the instant case. In other portions of the act funeral directing is referred to as a "business or profession", indicating that the legislature did not employ the term "profession" as a term of art. Furthermore, a perusal of certain other acts of the legislature requiring members of various occupations to register and secure a license, reveals the following: Accounting is referred to as a profession, Act of May 26, 1947, P. L. 318, 63 PS §§9.1-9.16. The Architects' Act of July 12, 1919, P. L. 933 as amended, 63 PS §§21-33, refers to "professional courses" and "professional practice". The Engineers' Act of May 23, 1945, P. L. 913, 63 PS §§148-158, refers to engineering as a profession. Nurses are referred to as being members of a profession in the Act of May 22, 1951, P. L. 317, 63 PS §§211-225, and in the Act of April 4, 1929, P. L. 160, 63 PS §§171-176, so are midwives. Finally, in the Act of May 3, 1945, P. L. 412 as amended, beauty culture is referred to as a profession (63 PS §519), and yet in Bonasi v. Haverford Township Board of Adjustment, 382 Pa. 307, the Supreme Court specifically held that beauty culture is not a profession within the meaning of a zoning ordinance.

In the Bonasi case the Supreme Court pointed out that in construing a term employed in a zoning ordinance the court must ascertain the intention of the legislative body which enacted the ordinance. Whether or not the State legislature considered funeral directing a profession for the purpose of licensing is, therefore, not determinative of the intention of Philadelphia City Council as to the meaning of the term "other

professional person" as employed in Philadelphia's Zoning Ordinance.

An examination of various dictionary definitions of "profession" and "professional" reveals that these terms may be employed in many different senses. See also Howarth v. Gilman, 365 Pa. 50, 56-57. In a broad sense these terms apply to all persons who profess to have special knowledge and who deal primarily in services, as distinguished from occupations of a mercantile or manual nature. In the narrow sense these terms refer to what were once considered the only professions and are now frequently referred to as the "learned professions", namely, theology, medicine and law.

In determining whether the term "other professional person" is employed in the Philadelphia Zoning Ordinance in the broad or narrow sense, we are guided by the preceding words. The complete phrase is, "physician, dentist or other professional person". Applying the doctrine of ejusdem generis, and construing the general term "or other professional person" in the light of the proceding language, we conclude that "other professional person" refers to profession in the narrow sense of the word and does not include funeral directing.

In support of this conclusion, it is to be noted that the courts of New York, Massachusetts and New Jersey have held that funeral directing is not a profession within the meaning of zoning ordinances: Bond v. Cooke, 262 N.Y.S. 199; Building Commissioner of Town of Brookline v. McManus, 263 Mass. 270, 160 N. E. 887; Frizen v Poppy, 17 N. J. Super. 390, 86A 2d 134.

For the foregoing reasons we hold that the term "other professional person" as employed in the Philadelphia Zoning Ordinance does not include funeral directors and, therefore, the use contemplated by

plaintiff is not a permitted use in a "C" residential district.

The next question for determination is whether the zoning board abused its discretion in refusing to grant plaintiff a variance. In order for plaintiff to obtain a variance, it was incumbent upon him to show that (a) the variance will not be contrary to the publc interest, and (b) unnecessary hardship will result if the variance is not granted: O'Neill v. Philadelphia Zoning Board of Adjustment, 384 Pa. 379, 384-385. The hardship which will require the granting of a variance must be substantial, serious and compelling, and the fact that the property would be more valuable to applicant if the variance were granted is not a sufficient hardship requiring the granting of a variance: Pincus v. Power, 376 Pa. 175.

The record in the instant case reveals that plaintiff is using and continues to use the property in question as a residence. The only effect of a refusal to grant the variance here sought would be that it would not be as convenient for plaintiff to operate his funeral directing business as it would be were we to grant the variance. This is not such a substantial, serious or compelling hardship as requires the granting of a variance as a matter of law. Considering the very restricted office use which applicant proposes, excluding all preparatory burial services, and in view of the commercial uses now existing in the surrounding vicinity, though not in the immediate block in which applicant lives, applicant presents a rather appealing case. However, the matter was properly within the discretionary authority of the board, and we cannot say that the board abused its discretion in refusing to grant the requested variance.

The city contends that the board should not be reversed for an additional reason, namely, that permitting plaintiff to maintain an office separate from his

other facilities would be to permit him to violate the Funeral Director Act. In light of the conclusion that we have reached in the matter, it is unnecessary for us to decide this question.

For the foregoing reasons the appeal of William T. Hewlett is dismissed and the decision of the zoning board of adjustment is affirmed.