## Fitzpatrick v. Zoning Board of Adjustment

*John Ryan,* for plaintiff.

*Benjamin Cherry,* for protestators.

*Lenard L. Wolffe,* Assistant City Solicitor, and *David Berger,* City Solicitor, for defendant.

MACNEILLE, P. J., December 4, 1956.—We are considering an appeal from the decision of the zoning board of adjustment refusing the grant of a variance for the use of premises 7201 Limekiln Pike, located in a "D" residential district, as a funeral parlor and one-

family dwelling with a sign on the premises. The single important question presented is whether a funeral director, mortician or undertaker is a "professional person" within the meaning of chapter 14-203 (1) (c) of the Code of General Ordinances of the City of Philadelphia which permits a professional person to maintain his office in his home and incidental to the main purpose of residence. In the absence of such construction a funeral parlor is only permitted in areas zoned "A" commercial or lower by chapter 14-303 (1) (z) of the Code of General Ordinances of the City of Philadelphia.[1]

Chapter 14-203 (1) (c) of the code having reference to "A" residential districts provides as follows:

"(1) Use Restrictions. The specific uses permitted in this district shall be the erection, construction, alteration or use of buildings, or premises and/or land for: . . .

"(c) Office of physician, dentist or other professional person when situated in the dwelling of such physician, dentist, or other professional person and incidental to the main purpose of residence."

This provision is imported into all residential districts zoned "A" through "H-3", including "D" residential. See chapter 14-207 (1) (a), 14-206 (1) (a), 14-205 (1) (a) and 14-204 (1) (a). The significance then of appellant's contention is that it supposes a right to such mortician's usage in any and all residential districts in the city.

Whether a funeral director is an "other professional person" within the language of the code has been considered by several lower courts in similar situations. In Hewlett v. Zoning Board of Adjustment, 8 D. & C.

---

[1] This provision is almost identical with the language of section (3) of the earlier Philadelphia Zoning Ordinance of August 10, 1933.

2d 75, an application was made for a funeral director's office in a "C" residential district, specifying that no embalming would be performed on the premises. The court there held that the board did not abuse its discretion in refusing a request for variance and that a funeral director was not a professional person as the term is used in zoning legislation. The court there stated:

"In determining whether the term 'other professional person' is employed in the Philadelphia Zoning Ordinance in the broad or narrow sense, we are guided by the preceding words. The complete phrase is, 'physician, dentist or other professional person'. Applying the doctrine of ejusdem generis, and construing the general term 'or other professional person' in the light of the preceding language, we conclude that 'other professional person' refers to profession in the narrow sense of the word and does not include funeral directing.

"In support of this conclusion, it is to be noted that the courts of New York, Massachusetts and New Jersey have held that funeral directing is not a profession within the meaning of zoning ordinances: Bond v. Cooke, 262 N. Y. S. 199; Building Commissioner of Town of Brookline v. McManus, 263 Mass. 270, 160 N. E. 887; Frizen v. Poppy, 17 N. J. Super. 390, 86 A. 2d 134.

"For the foregoing reasons we hold that the term 'other professional person' as employed in the Philadelphia Zoning Ordinance does not include funeral directors and, therefore, the use contemplated by plaintiff is not a permitted use in a 'C' residential district."

The Court of Common Pleas of Montgomery County, speaking through Judge Corson, has similarly ruled that an undertaker is not a professional person within the meaning of the zoning ordinance: Hampton v. Nor-

ristown Board of Adjustment, 72 D. & C. 270 (1950).
Court of Common Pleas No. 5 of Philadelphia County
followed the decision in the Hewlett case: Rymarszick
v. Zoning Board of Adjustment, C. P. No. 5, Decem-
ber term, 1955, no. 146. See also Cummer v. Narberth
Borough Board of Adjustment, 59 D. & C. 686, 691
(1947) ; Babcock v. Laidlaw, 113 N. J. Eq. 318, 166
Atl. 632, 633 (1933) ; Busse & Borgmann Co. v. Up-
church, 60 Ohio App. 349, 21 N. E. 2d 349, 352 (1938).

Appellant strenuously contends that he is a profes-
sional person and referred to as such by the Funeral
Director Law of January 14, 1952, P. L. (1951) 1898,
63 PS §479; that he has been licensed as a professional
person by the Commonwealth.[2] In Paxtang Borough
Board of Adjustment v. Arnold, 8 D. & C. 2d 98, it
was pointedly held that a funeral director was legisla-
tively determined to be a professional person. In the
Hewlett case the court refused to follow the Paxtang
decision. We do not think that the definition of "pro-
fessional person", as that term is used in zoning, is
controlled by the scope of that term as it is used in
regulatory and licensing statutes; the purposes of the
legislation are divergent and the definition in the
regulatory instance is not pertinent to zoning legisla-
tion. In Bonasi v. Haverford Township Board of Ad-
justment, 382 Pa. 307, 310-11 (1955), it was held
that the language in the licensing act for beauty
parlors (Act of May 3, 1945, P. L. 412, as amended,
63 PS §§507, 527), could not be laid as the basis for
importing a beauty parlor into a "B" residential area
as an accessory professional use incidental to the pur-
pose of residence.

We have noted the city's contention that the grant
of appellant's prayer would improperly sanction a

---

[2] A funeral director is defined in the act, 63 PS 479.2, as "any
person engaged in the profession of a funeral director . . .".

violation of the Funeral Director Law, supra, insofar as it restricts a funeral director to an operation at one locale only and otherwise regulates the conduct of the business. Appellant proposes to continue his principal place of business at 3309 North Broad Street, in Philadelphia. Although this argument has merit, we have not predicated our decision thereon.

Appellant has vigorously and ably contended that the court is bound to enforce the clear language of the act even if the result be absurd or mischievous: Orlosky v. Haskell, 304 Pa. 57, 62 (1931); Salvation Army Case, 349 Pa. 105, 108 (1944).

We are of the opinion that the code is clear to the effect that the term "professional office" does not comprehend a funeral parlor and, to the contrary, funeral parlors are specifically comprehended and provided for in "A" commercial and lower districts. In argument, counsel for appellant strenuously contended that only city council may "plug the loophole" in the law. Such argument, however, ignores the fact that we are being asked to shoot the loophole into the law; we are not so inclined, but, to the contrary, we are constrained to hold our fire. The essential basis of our decision is that courts should be hesitant to visit rulings on the public which not only yield absurd results but consternation to the public good and welfare. Reality, necessity and logic point the way to our conclusion, which is sufficiently comprehended by the present zoning law.

We need not consider at length the question of whether the zoning board abused its discretion in refusing a variance. Such contention was not pressed at the time of argument, nor is it pressed in appellant's brief. It is sufficient to note that appellant has not shown unnecessary hardship, that numerous protestators appeared at the public hearing before the board

on March 13, 1956, and that a grant of the requested variance would have been contrary to the public interest.

Wherefore, we enter the following

*Order*

And now, December 4, 1956, the within appeal is dismissed and the decision of the zoning board of adjustment is affirmed.