Chief of the Fire Department of Boston *v.* Sutherland Apartments, Inc.

---

CHIEF OF THE FIRE DEPARTMENT OF BOSTON *vs.*
SUTHERLAND APARTMENTS, INC.

Suffolk.    December 5, 1963. — January 13, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Fire Prevention. Public Safety. Regulation. Constitutional Law,* Police power, Fire prevention. *Res Judicata. Words,* "Fire hazard," "Cause a fire."

A rule of the Board of Fire Prevention Regulations that "any inner court not protected by a roof . . . [of a specified strength] shall have a substantial parapet or barrier at least 30 inches high" was authorized by G. L. c. 148, § 28, as amended through St. 1958, c. 333, even if designed only to regulate a condition of premises affecting the safety and efficiency of fire fighters [687–689], and was a proper exercise of the police power [689–690].

Acquittal of the owner of premises in a city on a criminal charge of violation of a rule of the Board of Fire Prevention Regulations that "any inner court not protected by a roof . . . [of a specified strength] shall have a substantial parapet or barrier at least 30 inches high" was not a bar to a suit in equity by the chief of the fire department of the city under G. L. c. 148, § 30, to require the defendant to comply with the rule. [690–691]

BILL IN EQUITY filed in the Superior Court on August 2, 1962.

The suit was heard by *Sgarzi, J.*

*Leo Gordon* for the defendant.

*William H. Kerr* for the plaintiff.

SPIEGEL, J. This is an appeal from a decree of the Superior Court ordering the defendant to comply with a regulation of the Board of Fire Prevention Regulations, which provides, in pertinent part, that "any inner court not protected by a roof which will support a load of 40 lbs. per square foot shall have a substantial parapet or barrier at least 30 inches high." This suit was brought under G. L. c. 148, § 30.

The facts do not appear to be in dispute. The plaintiff is chief of the fire department of the city of Boston. The defendant is the owner of the premises at 518, 520, and 524 Cambridge Street. The buildings on its premises have two inner courts neither of which is "protected by a roof which will support a load of 40 lbs. per square foot" or has "a substantial parapet or barrier at least 30 inches high." On June 13, 1962, the plaintiff served an order on the defendant "to provide each of such inner courts with a substantial parapet or barrier at least 30 inches high on or before June 30, 1962."[1] The defendant did not comply with this order. There was an earlier proceeding "in the criminal side of the . . . [Municipal Court of the] Brighton District" against

---

[1] "To:   Sutherland Apartments, Inc.
          209 Washington Street
          Boston 8
          Massachusetts

A rule of the Board of Fire Prevention Regulations of the Commonwealth of Massachusetts prescribes that 'Any inner court not protected by a roof which will support a load of 40 lbs. per square foot shall have a substantial parapet or barrier at least 30 inches high.' (See FPR #9 of October 26, 1960 — Rule 18.)

The buildings owned by you at 518, 520 and 524 Cambridge Street in the Brighton district of Boston have two such inner courts neither of which has a substantial parapet or barrier at least 30 inches high.

Pursuant to G. L., c. 148, s. 28 (especially clause K thereof), and every other authority hereunto enabling, you are hereby ordered to provide each of such inner courts with a substantial parapet or barrier at least 30 inches high on or before June 30, 1962.

                                        John A. Martin"

346 Mass. 685                                                   687

Chief of the Fire Department of Boston *v.* Sutherland Apartments, Inc.

the defendant for failure "to install protection around inner courts on roof of premises numbered 518 to 524 Cambridge Street." The trial judge in that case found the defendant "not guilty." At the trial of the instant case the following interrogatory to the plaintiff and answer were introduced in evidence: Q: "State fully and in complete detail how the barrier or parapet referred to in the bill of complaint will prevent or remedy any condition in or about the building in question which may tend to become a fire hazard or to cause a fire." A. "The barrier or parapet referred to in the bill of complaint will, in the event of fire, guard against the loss of a fire fighter's function through his falling down the inner courts mentioned in said Bill and promote efficiency in a fire fighter's performance of his function by relieving him from watching for such inner courts."

The pertinent "findings" and "rulings" of the trial judge are as follows: "(1) That Rule 18 of the Rules and Regulations of the Board of Fire Prevention Regulations of the Department of Public Safety of the Commonwealth of Massachusetts is a lawful rule, order or regulation within the meaning of General Laws, Chapter 148, section 30; (2) That the petitioner is the head of the Fire Department of the City of Boston and authorized to enforce said rule; (3) That the respondent is in violation of said rule in that it is the owner of premises . . . in the City of Boston with an inner court that does not meet the requirements of said Rule 18 . . . ."

The defendant contends that there is no statutory authority for the regulation and that it is unconstitutional. In addition, it maintains that "[t]he issue involved in this action has been determined by the decision of the Municipal Court of the Brighton District" and that decision is, therefore, a bar to this suit. The statute under which Rule 18 was adopted is G. L. c. 148, § 28.[2]

---

[2] In 1962, this statute, as amended through St. 1958, c. 333, read in pertinent part as follows:

"The board shall make such rules and regulations, and the head of the fire department shall make such orders or rules not inconsistent therewith, as may

The defendant states in its brief: ''The only object to be accomplished here is to prevent a fire fighter from falling into a courtyard in the event of fire. This was not contemplated by the legislature in the enactment of this statute.'' In essence it argues that a condition which impairs the efficiency and endangers the safety of fire fighters does not ''tend to become a fire hazard or to cause a fire.'' Even without an analysis of the legislative history, it seems clear that a condition is a fire hazard which renders fire fighters less efficient or which, while they are fighting a fire, is likely to be the cause of a disruptive accident. It seems equally clear that such a condition might tend to ''cause a fire'' in the sense that it would increase the probability that an existing conflagration might spread to another structure or area.

A review of other provisions of the statute and of the legislative history convinces us that the defendant's argument is without merit. The earlier version of this statute gave the Department of Public Safety the power to make rules ''for the purpose of remedying any condition found to exist in or about any building . . . *in respect to fires,* the prevention of fire and fire hazard . . .'' (emphasis supplied). G. L. c. 148, § 28, as appearing in St. 1930, c. 399, § 1.

---

be necessary for the purpose of preventing or remedying any condition in or about any building, structure or other premises or on any ship or vessel which may tend to become a fire hazard or to cause a fire, but limited, except as otherwise provided, to the following subjects: —

''A. Requiring the keeping of portable fire extinguishers, buckets of water or other portable fire extinguishing devices on any premises by the occupant thereof, and prescribing the number and situation of such devices.

''B. Causing all means of egress and escape from fire, including aisles, stairways and fire escapes, to be kept unobstructed, in good repair and ready for use and otherwise in conformity with the pertinent provisions of section twenty-one of chapter one hundred and forty-three, and, if so required by lawful authority, properly lighted. . . .

''J. Requiring and regulating fire drills for employees of hospitals, theatres and other places of public amusement, and of nursing and convalescent homes licensed under section seventy-one of chapter one hundred and eleven, and in public and private schools.

''K. Requiring proper safeguards to be placed and maintained about or over roof skylights and about outer or inner courts or shafts at the roof line.''

346 Mass. 685                                     689

Chief of the Fire Department of Boston *v.* Sutherland Apartments, Inc.

The defendant cites several cases to support the proposition that a statute is to be construed in connection with the cause of its enactment, the preëxisting state of the law, the mischief to be remedied, and the main object to be accomplished. *Desmarais* v. *Standard Acc. Ins. Co.* 331 Mass. 199, 202. *A. Belanger & Sons, Inc.* v. *Joseph M. Concannon Corp.* 333 Mass. 22, 25. But the defendant does not say what "mischief" in the old law the present statute (see St. 1945, c. 710, § 12, and later amendments) was intended to remedy. An examination of the applicable sections of the report of the special commission which recommended the adoption of the 1945 amendment satisfies us that it was not a purpose of the change to narrow the scope of the rule making powers. 1945 Senate Doc. No. 520, Appendix R. Further, we note the provisions of paragraphs A, B, and N of c. 148, § 28. Paragraph A, which has been in the statute or its predecessor from the beginning (St. 1914, c. 795, § 13), permits the making of regulations with respect to the keeping of fire extinguishing equipment. It seems clear from paragraph A that, within the limitations of this statute, the rules to be promulgated thereunder concern the control of conflagrations already started as well as their prevention. Paragraph B, substantially amended in 1945 (St. 1945, c. 710, § 12), permits the making of regulations regarding "egress and escape from fire." Paragraph N, added in 1946 (St. 1946, c. 363, § 9), permits regulations to be made requiring "compliance with section twenty-four of chapter one hundred and forty-three." (Chapter 143, § 24, of the General Laws also deals with keeping means of extinguishing fires.) Both of these provisions would be rendered meaningless if the statute was construed to deal only with fire prevention.

The defendant seems to question the constitutionality of Rule 18, presumably because it is an invasion of vested property rights. The Commonwealth has the power under its constitution to interfere with vested property rights in order to effect a reasonable protection of the public safety. *Paquette* v. *Fall River,* 338 Mass. 368, 375–376. *Mile Road*

*Corp.* v. *Boston,* 345 Mass. 379.   See also *Baker* v. *Boston,* 12 Pick. 184, 194.

The defendant asserts that its acquittal in prior criminal proceedings on the same allegations as are made in this equitable proceeding is a valid defence to the present suit. It cites *Wishnewsky* v. *Saugus,* 325 Mass. 191, 193–195, in support of its contention.   The *Wishnewsky* case is not directly relevant, however, for the prior judgment pleaded therein was in a civil rather than a criminal action.   It has been held in this Commonwealth that the acquittal of a person on a criminal charge is merely res inter alios in a subsequent civil proceeding embodying the same cause of action.   *Fowle* v. *Child,* 164 Mass. 210, 214.   See *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, 3.   This principle is predicated on the proposition that the plaintiff in the civil action was a stranger to the criminal proceedings and is still entitled to his "day in court."   Also, see *Silva* v. *Silva,* 297 Mass. 217.   Likewise, we construed the words of a zoning by-law to permit the plaintiff to bring suit to enjoin violation of the by-law after a criminal complaint on a charge of a similar violation had resulted in the defendant's acquittal. *Building Commr. of Brookline* v. *McManus,* 263 Mass. 270, 273–274.   Under G. L. c. 148, § 30, equitable enforcement is a supplement to, and not a substitute for, criminal action.

There are also other considerations.   We note that there is no requirement in the statute that the criminal prosecution be instituted on the complaint of a fire officer.   Thus, in a sense, the head of the fire department is as much a "stranger" to the criminal action as a private citizen would be.   Furthermore, generally the degree of proof required to secure a conviction in a criminal case is higher than that required to obtain a favorable result in a civil proceeding. *Roberge* v. *Burnham,* 124 Mass. 277, 278.   In addition, conviction under the statute is also contingent on the requirement that the accused have been given notice of the violation.   Finally, we observe that the language of § 30 permitting equitable enforcement of the board's rules was added in 1945.   (St. 1945, c. 710, § 13.)   It was added upon

the recommendation of a special commission appointed after the tragic Cocoanut Grove fire of 1942 (1943 Senate Res. No. 67) to investigate and recommend changes in the fire laws. 1945 Senate Doc. No. 520.

The regulation in issue was reasonable and designed to avoid a fire hazard by increasing the efficiency of firemen, and by protecting their safety as well as the safety of the public. There was no error.

*Decree affirmed.*