Town of Natick *vs.* Joseph Sostilio & another.

Middlesex.   October 9, 1970. — December 8, 1970.

Present: Spalding, Cutter, Kirk, Spiegel, Reardon, & Quirico, JJ.

*Res Judicata. Zoning,* Enforcement.

Acquittal of the owner of premises in a town on a criminal charge of a violation of its zoning by-law "by storing trucks and motor vehicles on said premises on or about July 6, 1965" was not a bar to a suit in equity by the town to enforce the by-law in which the bill alleged the additional facts that "consistently since June of 1965, the . . . [defendant had] used the . . . premises as a terminal for a trucking business, whereby heavy trucks . . . [had been] stored on the . . . premises, and . . . [had been] driven to and from the . . . premises daily, often early in the morning and late at night."

Bill in equity filed in the Superior Court on February 4, 1969.

An interlocutory decree overruling pleas in bar was entered by *Beaudreau, J.* An interlocutory decree taking the bill pro confesso and the final decree were entered by *Tomasello, J.*

*James W. Kelleher (Daniel H. Kelleher* with him) for the defendants.

*Jerry J. DiGeronimo* for the plaintiff.

Spiegel, J. This bill in equity sought to enforce the zoning by-law of the town of Natick by restraining the defendants from using the premises owned by them for the operation of a trucking business or for the storage of trucks. The case is here on appeals from an interlocutory decree overruling their pleas in bar,[1] from an interlocutory

---

[1] The defendant Alice Sostilio filed two pleas in bar. We are here only concerned with her second plea in bar which was almost identical with the one filed by Joseph. Alice waived her appeal from the overruling of her first plea in bar.

decree taking the bill pro confesso, and from a final decree permanently enjoining the defendants from "using . . . [their] premises . . . for the purpose of operating a trucking business or storing trucks, except to the extent permitted by Section IIIA(9) of the Building Code and Zoning By-Laws of the Town."

We state the pertinent allegations of the bill. The defendants are husband and wife and are the owners of the premises at 52 Everett Street, Natick, which are located in an area zoned for single family residential use. Since June of 1965, "the defendants have used the . . . premises as a terminal for a trucking business, whereby heavy trucks are stored on the . . . premises, and are driven to and from the said premises daily, often early in the morning and late at night." Such use of the . . . premises is a use which, under the town's zoning by-law, is authorized only in areas zoned for industry and "is not authorized as a pre-existing non-conforming use." It has persisted "despite formal stop orders," from which no appeals have been taken by the defendants to the town's board of appeals. "No variance has been issued to the defendants permitting or concerning such use of the . . . premises." One Aubrey B. Dingley, a predecessor in title to the defendants, obtained a variance "which permitted the use of part of the . . . premises as an office, but such variance . . . was personal to . . . Dingley and specifically prohibited any other business use of . . . premises."

The pleas in bar filed by the defendants allege that the defendant Joseph had been prosecuted in a criminal proceeding in the Superior Court on a charge that, apart from allegations of time, "was identical with the violation now charged in . . . the present [b]ill." The pleas also allege that in the criminal proceeding the parties stipulated to facts described in the defendants' brief as showing "a *prima facie* violation" of the zoning by-law; that "counsel for Sostilio stated that he relied on a non-conforming use . . . for storing trucks and vehicles"; that the judge ruled that Sostilio had the burden of proving such use; that

both parties offered evidence on that issue; and that the judge found Sostilio "not guilty." In addition the pleas recite that it was thereby "conclusively established" that such use of the premises was a valid, presently existing nonconforming use and was "in no way" in violation of the zoning by-law.

The defendants argue that the "pleas . . . show a previous judicial determination . . . that the use complained of was a prior non-conforming use" and that "[n]o other meaning can be attached to the . . . [judge's] finding 'not guilty.'" They assert that because the facts constituting a prima facie violation were stipulated "the finding 'not guilty' necessarily means that the . . . [judge] made a positive finding in favor of Sostilio" on his "affirmative defense of prior non-conforming use."

It has long been established that the degree of proof required to secure a conviction in a criminal case is higher than that required for a favorable result in a civil proceeding. *Roberge* v. *Burnham,* 124 Mass. 277, 278. We do not think this principle requires any additional comment.

The "acquittal of a person on a criminal charge is merely res inter alios in a subsequent civil proceeding embodying the same cause of action." *Chief of the Fire Dept. of Boston* v. *Sutherland Apartments, Inc.* 346 Mass. 685, 690. Criminal proceedings which result in acquittals are ordinarily given no binding effect in a subsequent civil proceeding. See Developments in the Law — Res Judicata, 65 Harv. L. Rev. 818, 878–879. Even if the degree of proof required in the criminal proceeding had been the same as that required in a civil suit, the town of Natick would still be entitled to its "day in court." *Chief of the Fire Dept. of Boston* v. *Sutherland Apartments, Inc., supra,* at 690.

In any event it does not appear that the suit brought in the case at bar is based entirely upon the same allegations upon which the criminal proceeding was based. The plea of each of the defendants alleges that in the criminal proceeding the defendant Joseph was charged with a violation of the zoning by-law "by storing trucks and motor vehicles

on said premises on or about July 6, 1965." In the instant case the bill alleges the additional facts that "[c]onsistently since June of 1965, the defendants have used the . . . premises *as a terminal for a trucking business,* whereby heavy trucks are stored on the . . . premises, *and are driven to and from the . . . premises daily, often early in the morning and late at night*" (emphasis supplied). These allegations go beyond mere storage of trucks and assert a violation different from the violation alleged in the criminal proceedings.

Another distinction worth noting is that in a criminal case the Commonwealth would have no right of appeal from an acquittal of a defendant involving an alleged zoning violation, even though the acquittal might have been based on an erroneous interpretation of the law. The town should not be bound by such a prior proceeding.

The interlocutory decree overruling the pleas in bar is affirmed. The interlocutory decree taking the bill pro confesso and the final decree are reversed. The defendants are to have thirty days in which to file an answer. In the event no answer is filed within said thirty days a new interlocutory decree is to be entered taking the bill pro confesso and a new final decree is to be entered ordering that the defendants be permanently enjoined from using the premises at 52 Everett Street, Natick, for the purpose of operating a trucking business or storing trucks, except to the extent, if any, permitted by the zoning by-law of the town of Natick.

*So ordered.*