CHIEF OF THE FIRE DEPARTMENT OF WORCESTER *vs.* JOHN WIBLEY & another.[1] May 4, 1987. *Fire Prevention. Due Process of Law*, Vagueness of statute.

On March 28, 1986, the fire chief of the city of Worcester filed a complaint in the Superior Court requesting that the court order the defendants, First Assembly of God of Worcester (church) and John Wibley, pastor of the church (pastor), to install an adequate system of automatic sprinklers in an addition being built by the church. See G. L. c. 148, § 30. According to the complaint, the sprinkler system was required by G. L. c. 148, § 26G.[2]

The defendants, in their answer, agreed with the allegations contained in the complaint but stated that G. L. c. 148, § 26G, was void for vagueness and, therefore, unenforceable against them. They also brought a counter-

---

[1] First Assembly of God of Worcester.

[2] General Laws, c. 148, § 26G, inserted by St. 1982, c. 545, § 1, states in part:

"In any city or town which accepts the provisions of this section, every building or addition of more than seven thousand five hundred gross square feet in floor area shall be protected throughout with an adequate system of automatic sprinklers in accordance with the provisions of the state building code. No such sprinkler system shall be required unless sufficient water and water pressure exists. For purposes of this section, the gross square feet of a building or addition shall include the sum total of the floor areas for all floor levels, basements and sub-basements, measured from outside walls, irrespective of the existence of interior fire resistive walls, floors and ceilings.

". . . .

"The head of the fire department shall enforce the provisions of this section."

Under § 2, the statute applies to construction of new buildings or additions commenced after July 1, 1983.

claim against the plaintiff, asking the court to order the plaintiff to cease and desist from attempting to enforce G. L. c. 148, § 26G, against them.

The defendants filed a motion for summary judgment, accompanied by an affidavit from the pastor. At the hearing they argued that there was no genuine issue of material fact and that the statute was unconstitutionally vague. A Superior Court judge denied the motion, and judgment entered in favor of the plaintiff on its complaint and on the defendants' counterclaim. The defendants argue on appeal that the judge erred when he failed to rule that G. L. c. 148, § 26G, is void for vagueness.

We summarize the undisputed facts contained in the pleadings and the affidavit submitted by the defendants in support of their motion. On June 28, 1983, the Worcester city council accepted the provisions of G. L. c. 148, § 26G. On June 4, 1985, the church applied for a building permit to construct an addition of more than 7,500 gross square feet in floor area on its property located at 30 Tyler Prentice Road. The pastor stated in his affidavit that "domestic water supply service is sufficient both for the existing buildings as well as the building under construction . . . except that there is insufficient water pressure in said water pipes to supply the needs of an adequate system of automatic sprinklers . . . ." According to the pastor's affidavit, "[i]n order to obtain a source adequate to supply the [necessary water pressure] a trench would have to be dug from the [addition] . . . across the [c]hurch grounds down the centerline of Tyler Prentice Road to Lincoln Street, a distance of perhaps [500] yards of which almost 200 [yards] would be within [Tyler Prentice Road]." According to the affiant, the church owns one-half of the width of Tyler Prentice Road. There is a water main located in Lincoln Street that could supply a source of water sufficient to operate a system of automatic sprinklers.

The defendants argue that G. L. c. 148, § 26G, is void for vagueness because of language contained in the exemption clause that states that a sprinkler system is not required "unless sufficient water and water pressure exists." According to the defendants, the meaning of the word "exists" is unclear in that "[t]here is no limitation placed on the location, circumstances or conditions of the existence of water." Therefore, they contend that the statute is unconstitutionally vague.

We employ a strict standard of review because the failure to install an adequate sprinkler system where sufficient water and water pressure exists may subject one to a criminal prosecution. G. L. c. 148, § 30. *Chief of the Fire Dept. of Boston* v. *Sutherland Apartments, Inc.*, 346 Mass. 685, 688 (1964). Due process requires that a statute must be sufficiently definite as to afford a person of ordinary intelligence fair notice that his contemplated conduct is forbidden. *Grayned* v. *Rockford*, 408 U.S. 104, 108-109 (1972). *Saxon Coffee Shop, Inc.* v. *Boston Licensing Bd.*, 380 Mass. 919, 926 (1980). A statute may also be judged void for vagueness if it fails to furnish sufficient guidance to enforcement authorities. *Ibid.*

The statute is not unconstitutionally vague. The term "sufficient water and water pressure exists" means that the owner of a building or addition to which the statute applies must have access to a source of water sufficient to operate an adequate system of sprinklers, or the exemption applies. The source may be either on the land on which the new building or addition is constructed or off the land, provided that it is legally available to the owner of the building or addition. Here, the source of water is not on the land itself but is available by way of a connection to a water main. That connection is on land owned by the defendants and, therefore, the source of water, i.e., the water main in Lincoln Street, is legally available to them.[3] We conclude that the statute gave the defendants sufficient notice that they were required to install sprinklers in their addition and also afforded the plaintiff sufficient guidance to determine that such installation was required.

*Judgment affirmed.*

*David A. Talman* for the defendants.
*Stephen J. Hines*, Assistant City Solicitor, for the plaintiff.

---

[3] The defendants make an assertion in their brief that they do not have lawful access to the water main in Lincoln Street. The pastor, in his affidavit, never stated that the defendants did not have lawful access. Rather, he readily acknowledged that an adequate supply of water, sufficient for the purposes of the statute, was available by running a connection from the addition over church property to the water main. His objection was to the costs, not to the lack of access.