BILLY'S SERVICE, INC., & another[1] *vs.* AMERICAN INSURANCE COMPANY.

No. 93-P-220.

Suffolk. April 14, 1994. - November 3, 1994.

Present: ARMSTRONG, DREBEN, & JACOBS, JJ.

*Insurance*, Fire. *Evidence*, Acquittal in prior criminal trial.

In an action on an insurance policy to recover for fire damage in which the jury found that the plaintiff or someone on his behalf had set the fire that caused the damage, the judge properly excluded evidence of a finding of no probable cause in a prior criminal proceeding against the plaintiff pursuant to G. L. c. 218, § 30. [584-586]

CIVIL ACTION commenced in the Superior Court Department on August 27, 1987.

The case was tried before *Robert L. Steadman*, J., and a motion for a new trial was heard by him.

*Frances L. Robinson* for the plaintiffs.

*Matthew Mahoney* for the defendant.

JACOBS, J. The plaintiffs sued under an insurance policy to recover for fire damage. They appeal from an adverse judgment entered in the Superior Court after a jury found that the plaintiff Kotzampaltiris, or someone acting in his behalf, set the fire that caused the damage. They also appeal from the denial of their motion for a new trial. The only issue warranting discussion is whether the judge erred in allowing the defendant's motion in limine to exclude evidence of a finding of no probable cause as to Kotzampaltiris in a criminal proceeding under G. L. c. 218, § 30.

We are unaware of any case in this jurisdiction which has allowed a finding of no probable cause to be admitted in a

---

[1] Vasilios Kotzampaltiris.

subsequent civil action. The exclusion of evidence of such a finding, however, is supported, if not dictated, by the general rule that evidence of an acquittal in a prior criminal trial is not admissible in a civil trial involving similar issues. *Terrio* v. *McDonough*, 16 Mass. App. Ct. 163, 173-174 (1983), and cases cited. Cf. *Chief of the Fire Dept. of Boston* v. *Sutherland Apartments, Inc.*, 346 Mass. 685, 690 (1964).

One rationale supporting the general rule that an acquittal is inadmissible in a subsequent civil proceeding involving the same issue relates to the greater burden of proof required for a criminal conviction. "The . . . refusal to admit evidence of the acquittals is in keeping with long standing practice in Massachusetts, based on the idea that the standards of proof and facts to be proved in a criminal case are likely to be sufficiently dissimilar from civil counterparts so that the result of one proceeding may have no probative value in another." *Terrio* v. *McDonough*, 16 Mass. App. Ct. at 173. Although the minimum quantum of evidence required by the bind-over standard is less than proof beyond a reasonable doubt, dismissal is required at a probable cause hearing if, on the evidence presented, "a trial court would be bound to acquit as a matter of law." *Myers* v. *Commonwealth*, 363 Mass. 843, 850 (1973). A judicial determination of no probable cause, therefore, does not ineluctably indicate that the proffered evidence does not meet the civil "preponderance" standard.

Moreover, a finding of lack of probable cause may be based on a decision not to present all of the competent evidence, rather than the inadequacy of the evidence as a whole. The omission of certain evidence may be attributable to tactical considerations not relevant to a civil action, especially since further prosecution is not precluded by a determination of no probable cause. *Commonwealth* v. *Britt*, 362 Mass. 325, 330 (1972). Smith, Criminal Practice & Procedure § 680 (2d ed. 1983 & Supp. 1994). Also, to the extent a decision in a probable cause proceeding may have been based on an erroneous interpretation of law, no right of appeal is available. Mass.R.Crim.P. 15(a)(3)(A), 378 Mass. 883

(1979). See *Natick* v. *Sostilio*, 358 Mass. 342, 345 (1970); *Burke* v. *Commonwealth*, 373 Mass. 157 (1977). In sum, a finding of no probable cause may reflect factors other than the innocence of the accused.

The plaintiffs' other claim of error is without merit. Accordingly, the judgment and the denial of the plaintiffs' motion for a new trial are affirmed.

*So ordered.*